WILLIAM REMINGTON, PLAINTIFF IN ERROR, *vs.* OTHO M. LINTHICUM, DEFENDANT IN ERROR.

A sale of land by the sheriff, under the laws of Maryland, seized under a fieri facias, transfers the legal estate to the vendee by operation of law, and does not require a sheriff's deed to give it validity. But as sheriff's sales of lands are within the statute of frauds, some memorandum in writing of the sale is required to be made. It is immaterial when the return to the execution is made, provided it is before the recovery in an ejectment for the land sold, as the sale must be proved by written evidence. The sale passes the title, and the vendee takes it from the day of the sale. The evidence may therefore be procured before, or at trial.

If property is seized under a fieri facias, before the return day of the writ, the marshal may proceed to sell at any time afterwards, without any new process from the Court: as a special return on the fieri facias is one of the necessary modes of proving the sale, the marshal must be authorized to make the endorsement after the regular return term, in cases where the sale was made afterwards.

The return to a fieri facias, if written on the writ, should be so full as to contain the name of the purchaser, and the price paid for the property, or it would not be a sufficient memorandum of the sale, within the statute of frauds: nor can an imperfect return of a sale be made complete by a reference to the private memorandum book kept by the marshal of his sales; as it was not a sufficient memorandum of a sale, within the statute.

When the deeds of the defendant in the ejectment have been referred to by the plaintiff, for the sole purpose of showing that both parties claim under the same person; this does not prevent the plaintiff impeaching the deeds afterwards for fraud.

IN error to the Circuit Court of the United States, for the county of Washington, in the District of Columbia.

The defendant in error, Otho M. Linthicum, instituted an action of ejectment in the Circuit Court of the county of Washington, for the recovery of certain real estate situated in the county of Washington, which had been purchased by him at a marshal's sale, sold under three writs of fieri facias, against Z. M. Offutt; and which the defendant in the ejectment claimed to hold under a deed of conveyance made by Z. M. Offutt, after the judgments on which the property was sold.

On the trial of the cause, on the fourth Monday in March, 1839, the counsel for the defendant, in the Circuit Court, took three bills of exceptions to the decisions of the Court, upon points submitted to them; and a verdict and judgment having been rendered for the plaintiff in the ejectment, the defendant prosecuted this writ of error.

The cause was argued by Mr. Brent, junior, for the plaintiff in error; and by Messrs. Marbury and Coxe for the defendant.

The first bill of exceptions stated, that on the trial of the cause, the plaintiff offered in evidence, the record and proceedings in the three cases of O. M. Linthicum *vs.* Z. M. Offutt, and then further offered in evidence three writs of fieri facias, issued against the lands of said Offutt; which it was admitted by the plaintiff had not

been returned to the clerk's office by the marshal; but were produced on the trial by the marshal, at the instance of the plaintiff, with the written return thereon, as follows:

" Levied as per schedule ; property sold as per return annexed, and satisfied pl'ff as per receipt on writ.
"ALEXANDER HUNTER, *Marshal.*"

" Received of Alexander Hunter, marshal, six hundred and seventy dollars and sixty-six cents, in full of this fi. fa. Debt, interest and costs, $670 66.                    " O. M. LINTHICUM.
" January 22d, 1838."

The returns on the other writs were the same in effect and form.

And further offered in evidence the schedule of the property sold, describing the property as follows: " Part of lot No. 153, on Third street, in Beatty & Hawkins' addition to Georgetown, beginning two hundred and twenty-six feet from Market street, thence running east with Third street thirty feet, thence south one hundred and fifty feet, thence west thirty feet, and thence to the beginning one hundred and fifty feet, with the improvements thereon, being a two story brick house, &c."

And he also offered in evidence the private book of entries kept by the marshal, of his official sales, &c., in which is the following entry, made on the 13th of January, 1838, by his clerk employed in his office ; but who was not a deputy marshal:

" Account of Sales."

" The property of Zachariah M. Offutt, sold to satisfy judicials to November term, 1837, No. 65, 66, and 67, in favour of Otho M. Linthicum; also judicials No. 355, to November term, 1837, in favour of Samuel Cunningham, use of William Remington ; and struck off as follows:

"January 13th, 1836,  Part of lot No. 153, in Beatty & Hawkins' addition to Georgetown, thirty feet front, with the improvements, sold to Otho M. Linthicum for    - $700 00

Part of lot No. 153, twenty feet front, sold to Otho M. Linthicum for  -        -        -        -        -        -  200 00
                                                                    $900 00

Deduct expenses as follows:
  Printer's bill, (Advocate)      -        -      $ 7 00
  Marshal's fee          -        -        -       17 17
                                                 ————        24 41
                                                            $875 59

Sale of personal property sold 23d Dec. 1837.
Nett am't after deducting $84 for house rent    -        -  300 79
                                                            $1,176 38

[Remington *vs.* Linthicum.]

Am't of ex'n, and credited jud's No. 65, to No-
 vember term, 1837  - - - - $670 66
Jud's No. 66, do. do. credited with this sum  -  505 72
                $1,176 38

        " ALEXANDER HUNTER,
          " *Marshal, D. C.*"

And further offered to prove that the said entry was truly copied
from the original memorandum made by the deputy marshal at the
time of sale, which original paper was lost; and that the said entry
was made in the said book, by the said clerk, according to the usage
and practice of the marshal's office.

And the plaintiff further offered to give in evidence a written list
of said writs of execution, by the said marshal.

" OTHO M. LINTHICUM  &#125;  No. 66 Judicials,
    *vs.*      November Term, 1837.
ZACHARIAH M. OFFUT. &#125;

" By virtue of the said writ of fieri facias, to me directed, I here-
by return to the said Court that, in pursuance of said writ, return-
able to November term, 1837, and under the levy by me made, as
per schedule returned with the said writ, I did, after due advertise-
ment thereof, sell the real property mentioned in said schedule and
appraisement.

" That said sale was made, according to law, on the 13th Janu-
ary, 1838; and at said sale, Otho M. Linthicum, being the highest
bidder, became the purchaser of the first of said described pieces of
property, viz.: the part of lot No. 153, in Beatty & Hawkins' addi-
tion to Georgetown, described in said levy and schedule, for the
sum of seven hundred dollars, and the other piece of property men-
tioned in said schedule and levy, viz.: that part of lot No. 153, in
Beatty & Hawkins' addition to Georgetown, therein described, for
the sum of two hundred dollars; and having, in all respects, fulfilled
and complied with the conditions of sale, and paid the purchase
money to me, he became the purchaser thereof. All which I cer-
tify, and return, this 19th day of April, in the year 1839.
        " A. HUNTER, *Marshal.*"

Which return, it is admitted by the plaintiff, was not written or
made out until after the jury were empanelled in this cause; and the
plaintiff accompanied his said last mentioned offer with a prayer to
the Court to authorize said marshal to make said written return of
said writs: to the admissibility of all which testimony so offered,
and to the granting of which prayer, the defendant objected: but
the Court overruled said objection, and authorized the marshal to
make said written return, and admitted the said written return, as
well as the other testimony above offered by the plaintiff, to go in
evidence to the jury.

[Remington *vs.* Linthicum.]

The defendant's second bill of exceptions was as follows:

The counsel for the plaintiff, in opening his case to the jury, claimed title to the premises in question under a sale by the marshal of said premises under a writ of fieri facias, at the suit of O. M. Linthicum *vs.* Z. M. Offutt, and that said defendant claimed title to same premises under a conveyance from said Offutt to W. Remington, which said last mentioned deed would be proved to be fraudulent and void, as against said plaintiff. And the counsel for the defendant having, in his opening of his cause to the jury, stated that the defendant did claim title under said deed from Offutt to Remington, and the said plaintiff having offered the evidence mentioned in the preceding bills of exceptions, now, for the purpose of showing that said defendant claimed title under Offutt, and preparatory to impeaching the same for fraud, gave in evidence the deed from Z. M. Offutt to James Remington, dated 18th April, 1835, recorded 17th October, 1835; and the deed from James Remington to William Remington, dated 16th October, 1835, recorded 16th April, 1836; and then offered further to prove that said last mentioned deeds were fraudulent and void as against said plaintiff: to the admissibility of which said evidence, the defendant objected.

The defendant's third bill of exceptions was the following:

The plaintiff, in addition to the evidence contained in the aforegoing bills of exceptions, offered evidence tending to prove that the conveyance from Z. M. Offutt to James Remington was fraudulent as against the plaintiff's lessor: and the defendant then offered evidence tending to prove that the said mentioned conveyance was fair and bona fide, and for a valuable consideration, and not intended to hinder, delay, or defraud the said plaintiff's lessor: and then moved the Court to instruct the jury that, upon the evidence offered by the plaintiff, if believed by them, he is not entitled to recover: which instruction the Court refused to give.

Mr. Brent, junior, for the plaintiff in error, contended that to entitle the plaintiff below to recover, he must show a title to the lot of ground in Offutt, and that this title is in him legally, not equitably. 2 Phil. Evid. 204. The legal title must be in the plaintiff when the ejectment is brought, and this on the day the demise is laid. 2 Maul and Selw. 446. 5 Harr. and Johns. 173. 3 Harr. and Johns. 19. 8 Peters, 318. The plaintiff below traced no title in Offutt, but gave in evidence the deed from Offutt to James Remington, and the deed from James Remington to William Remington; thus using these conveyances for the purpose of exempting himself from proof of title in Offutt, by showing that both parties to the ejectment claimed from the same person. The plaintiff below, in opposition to, and inconsistent with these deeds, thus used by himself, denies their validity to give a title to the defendant; thus assailing his own evidence. This is in direct opposition to the rule of law, that a party cannot impeach his own evidence. If the deed was void for fraud, then the party alleging the fraud cannot set up

[Remington vs. Linthicum.]

the deed for any purpose; if he claims a benefit from it, he cannot impeach it..

The question presented on the first bill of exceptions is, whether the Court erred in allowing the marshal to make out his return to the execution, after the jury were sworn to try the cause?

It is submitted to the Court, that the plaintiff in ejectment should have a title at the time of the demise laid in the declaration. A purchaser at a sheriff's sale, must show a title in the defendant, under whom he claims. 2 Phil. Evid. 204. Binney vs. The Chesapeake and Ohio Canal, 8 Peters, 218. 3 Harr. and Johns. 19. 5 Harr. and Johns. 173.

If this is the law, the plaintiff below must fail. He did not show title in Offutt; he only showed a judgment and executions against him.

The returns to the executions were made out after the trial of the cause had commenced. Did the Court err in allowing the marshal to make the return, when it was made in this case?

It was not an amendment, but was an original return; none had been made before, there was nothing to amend by. And if it was an amendment, it was not made in time. 2 Harr. and Gill's Rep. 637. The Courts of Maryland have sustained motions to quash writs of execution, for want of sufficient returns. There is no case in which an amendment has been allowed, to the extent of the return made by the marshal in this case.

The great question in the case is, could the plaintiff below, on the whole evidence, recover? He did not show a legal title at the time when the suit was brought. The return, even if made in proper time, is not a legal title; no deed for the property was executed by the marshal. A purchaser at a sheriff's sale must show a deed from the sheriff, or a memorandum, admitted to be equivalent to a deed, to take the case out of the statute of frauds. 1 Harr. and Johns. 451. 6 Harr. and Johns. 204. 5 Harr. and Johns. 203. It is admitted that if a deed had been executed, there would be no necessity for a return by the marshal. The deed would be sufficient. 1 Harr. and Gill. 438—448. 5 Gill. and Johns. 206.

Have the Courts of Maryland decided that a mere private note or memorandum in writing, by a sheriff, will be sufficient to maintain an action? This would be contrary to the statute of frauds. Cited Sugden on Vendors, 63. 2 Caines' Cases in Error, 61. The case in 4 Wheat. 63, is not at variance with these principles.

The uncertainty in the description of the property, in the declaration in the ejectment, cannot be allowed. Great strictness is insisted upon in the description of the property sought to be recovered. Possession of the property is to be given according to this description. The defect of the description in this case, is manifest. No one could, with it, find the property.

Messrs. Marbury and Coxe, for the defendant.

In the Circuit Court the plaintiff produced all the law requires,

to sustain his title under the sale by the marshal. 1. An existing judgment. 2. A fieri facias. 3. A levy on the property. 4. A sale by virtue of the execution and levy. To prove the sale, he offered the book kept by the marshal in which he made entries of his official sales, and the return of the writs of execution. To the admissibility of all this evidence, the defendant, in the Circuit Court, objected.

The objection to the first bill of exceptions is, as to its generality. There is a denunciation of the whole of the evidence of the plaintiff, and yet it cannot be doubted that a large portion of it was far from exception. It was the duty of the party who took the exception, to point out, particularly, that which was its object. Moore *vs.* The Bank of the Metropolis, 13 Peters, 310.

As to the objection to the introduction of the return of the marshal after the trial had commenced, it is submitted, that the return was of no importance. The title of the plaintiff below, as purchaser at the marshal's sale, was complete when the sale took place. This point was determined in the case of Wheaton *vs.* Sexton, 4 Wheat. 503; the Court having decided, that "it was immaterial whether the writs were returned or not; the purchaser took his title from the sale."

The particular evidence objected to, was the entry in the marshal's book of sales; and the marshal's return to the execution.

But it has been shown from the authority cited, and others can be adduced, that to give a title, a return is not required. The property of the defendant is transferred to the purchaser by operation of law, and no further act of the officer is required. Boring *vs.* Lemmon, 5 Harr. and Johns. 223. Barney *vs.* Patterson, 6 Harr. and Johns. 204. Barnes on Sheriff, 262.

The entry in the book of the marshal was not offered as the evidence of title, but to prove the sale; and for this purpose there was no objection to it. So also was the return on the execution. They supplied the requisitions of the statute of frauds.

In the case of Fenwick *vs.* Floyd, 1 Harr. and Johns. 174, it was held, that a sheriff's sale might be proved, 1. By the deed of the sheriff; or, 2. By the return of the sheriff on the fieri facias; 3. By a memorandum of the sale, to take the case out of the statute of frauds. Cited also, 6 Gill. and Johns. 306. The marshal made no deed in this case, and the return is sufficient.

The only objection which has any apparent force, is to the time when the return was made. But no rule of law is known, which prescribes the time within which the return shall be made; provided it is made before the writ leaves the hands of the officer, and the return is made to the clerk of the Court.

If the return was necessary to complete the title of the purchaser, it ought to be made before suit is brought by the purchaser of the property, since the plaintiff in such a suit must have the title before he commences his action. But this is not the law. In this case the marshal had retained possession of the writs, he had not endorsed

on them his return, before they were offered in evidence; he was required to make the return, and he did so; and this is in conformity with the decisions in the Courts of Maryland. 2 Gill. and Johns. 359. In this case the Court held, " that it was not necessary that the return should be endorsed on the writ, or the deed of the sheriff executed at the time of the sale."

If the return is insufficient, the entry in the marshal's sales book supplies the deficiency   It was proved that the entry was according to the usage and practice of the officer; that it was made in a book kept for the purpose, and by the clerk of the marshal; and that it was truly made from an original memorandum, made by the deputy marshal at the time of the sale, which memorandum is lost. This is as good evidence as in the absence of the lost memorandum can be required.

The entries contain all that is essential—all that can be required: the name of the purchaser; the price for which the lot sold; with such a description of the property, connected with the schedule, as gave it entire certainty.

As to the second bill of exceptions, taken by the defendant in the Circuit Court, it was said, the deed from Offutt, the defendant in the execution, was offered, with a notice of intention to impeach their validity as against the title of the plaintiff under the sale; and exclusively to show, that both the parties in the ejectment claimed title from Offutt. The title in Offutt could have been proved by another course, but this was the most ready mode of establishing it as between the parties. in the Circuit Court. It was competent to introduce the deed; and then to show that the judgments under which the plaintiff below claimed were earlier than the date of the deed.

The third exception by the plaintiff in error, was to the introduction and effect of conflicting testimony. It is sufficient to remark, that this testimony was properly left to the jury.

Mr. Chief Justice Taney delivered the opinion of the Court.

This was an action of ejectment brought by Linthicum against Remington, in the Circuit Court for Washington county, in the District of Columbia, to recover part of lot No. 153, in Beatty and Hawkins' addition to Georgetown.

It seems that a certain Zachariah M. Offutt, of the said county, was the owner of the property in question; and being indebted to Linthicum in three several sums of money, actions were brought by the latter upon those claims, in the year 1836. Judgments were obtained in due course of law; and executions against the property of the defendant were issued upon each of them, returnable to November term, 1837, of the said Court. Upon each of these writs of fieri facias the marshal seized the property which is now in question, and sold it at public sale, on the 13th of January, 1838; and at this sale Linthicum was the highest bidder, and became the purchaser.

In 1835, before the institution of any of the above mentioned

suits, Offutt, by deed duly executed, conveyed this property to James Remington, who in the same year conveyed it, in like manner, to William Remington, the plaintiff in error.

Linthicum, having purchased of the marshal, as before mentioned, brought an ejectment, in February, 1838, against William Remington, who was the tenant in possession. The case came on for trial at March term, 1839, and the judgment of the Circuit Court being in favour of the plaintiff, the defendant brought the writ of error which is now before us.

Three bills of exception were taken at the trial, but the principal and most important question arises on the first. It appeared that the writs of fieri facias, herein before mentioned, had not been returned to the Court, but had remained in the possession of the marshal, and were produced by him at the trial, after the jury were sworn. The plaintiff offered these writs in evidence, together with the endorsements upon them, and also a schedule, in the usual form, of the property seized; and a particular account of its sale, as entered in a book kept by the clerk of the marshal for such purposes. It is however unnecessary to state the contents of those endorsements, and of the said account, because the opinion of this Court does not turn upon them.

In addition to these papers, the plaintiff offered in evidence a special return of the said writs by the marshal, which return it was admitted was not written until after the jury were empanelled; and the plaintiff accompanied this offer with a prayer to the Court to authorize the marshal to make such written return.

The return thus offered bears date April 19th, 1839, which is the term at which the ejectment was tried in the Circuit Court. It states, that the fieri facias was levied on this property; that it was duly advertised, and sold according to law; states the day of the sale; that Linthicum being the highest bidder, became the purchaser; states the price at which he bought; that he had paid the purchase money, and fulfilled the conditions of the sale. This return refers to the schedule of the property seized, and returned with the writ; in which the lot in question is described by abuttals with sufficient precision. To the admission of all or any of this evidence, the defendant objected; but the objection was overruled by the Court, and the evidence admitted: and this forms the first exception.

The evidence stated in this exception was offered by Linthicum, in order to show a legal title in himself at the commencement of the suit; and undoubtedly such a title must be shown by the plaintiff in ejectment, and he cannot recover upon a title acquired pending the action. In deciding upon the admissibility of this evidence, for the purpose for which it was offered, we must of course be governed by the laws of Maryland, as far as we can gather them from the decisions of her Courts; because the property in question is situated in Washington county, in this District, where the laws of Maryland, as they existed at the time jurisdiction was assumed by Congress, have been adopted.

[Remington *vs*. Linthicum.]

In the case of Boring's lessee *vs*. Lemmon, 5 Harr. and *Johns* Rep. 225, the Court of Appeals, of Maryland, held that the sale of land by the sheriff, seized under a fieri facias, transferred the legal estate to the vendee, by operation of law; and that a deed from the sheriff was not necessary.

The authority of this case is recognised in Barney's lessee *vs*. Patterson, 6 Harr. and Johns. Rep. 204; in which the Court say, "it is not the return of the officer that gives title to purchaser, but the previous sale." But they then proceed to qualify in some measure the general expressions used in Boring's lessee *vs*. Lemmon, and declare that sheriffs' sales of land are within the statute of frauds, and that some memorandum in writing is necessary to be made; and they recommend, for the safety of purchasers, that in addition to a deed from the officer, there should be a special return of the execution, particularly describing the premises, and setting out the name of the purchaser: either of which, (the deed or the special return,) the Court say, "though not operating to pass the title, would be safe and competent evidence of the sale."

The chief objection to the special return made by the marshal in this case, is, that it was not made before the suit was brought; and is not therefore admissible to show title at the commencement of the suit. This objection rests upon the hypothesis that a deed from the marshal, or a special return upon the execution, was necessary to perfect the title of the vendee. But the Court of Appeals of Maryland, in the two cases above referred to, have decided that neither the return nor the deed pass the title; that they are nothing more than evidence of the sale; and that it is the sale which transfers the title, by operation of law. It would seem to follow from these decisions, that it cannot be material at what time this evidence is obtained. He cannot recover without it, because the sale being within the statute of frauds, it must be proved by written evidence. But whenever this evidence is obtained, it proves the previous sale by the officer: and as it is the sale that passes the title, the vendee must take it from the day of the sale. The evidence may be procured, therefore, before or after suit brought; or before or after the jury are sworn in the trial of the ejectment. And the special return of the marshal, in the case before us, made at the time of the trial, was admissible in evidence; for when thus made, it related back to the sale, and proved the title to be good from that day. The return is also sufficiently special, and complies with the statute of frauds.

Neither is there any objection to the time at which this execution was actually returned to the Court. It is true that it was made returnable, on the face of it, to November term, 1837. But, if property, real or personal, is seized under a fieri facias, before the return day of the writ; the marshal may proceed to sell, at any time afterwards, without new process from the Court. And as a special return on the fieri facias is one of the modes of proving the sale, and securing the title of the purchaser; the marshal must be authorized to make the endorsement, after the regular return term, in

[Remington *vs.* Linthicum.]

cases when the sale was made afterwards. In this case the executions had never been returned; they were still in the possession of the marshal; and the return at first endorsed on them, was still in his power: and if he believed it not correct, or not sufficiently particular, he had a right to change it. His return, when thus made, was under his oath of office; and he was equally responsible for it as if it had been made on the return day named in the writ itself. And as the executions in question had not before been returned to the Court, we do not think that any leave was necessary in order to authorize the special endorsement made upon them.

We have said nothing of the short returns endorsed, in the first instance, on these executions; nor of the accounts of sales contained in the marshal's private book of accounts; because the returns, as first written, did not name the purchaser, nor state the price paid for the property; and were, consequently, not of themselves such written evidence as would satisfy the statute of frauds. Nor can they be made better by reference to the memorandum of the sales in the private book accounts of the marshal, which certainly was not that kind of written evidence of the contract of which Linthicum could avail himself, in order to avoid the operation of the statute of frauds. We place the decision upon the special return before mentioned.

The second exception may be disposed of in a few words. In order to supersede the necessity of tracing a title regularly from the state, the plaintiff read in evidence the deed from Offutt to James Remington and from James Remington to William Remington, herein before mentioned; for the purpose of showing that the defendant in ejectment, William Remington, claimed title under the said Offutt. And then offered further to prove that the said deeds were fraudulent and void, as against him the plaintiff. This last mentioned evidence was objected to by the defendant, but admitted by the Court; and we think rightly admitted. The deeds were read by the plaintiff to show that Remington claimed under Offutt, but not to show that he was a bona fide purchaser. And when he afterwards offered evidence to prove that these deeds were fraudulent, there was nothing in this offer inconsistent or incompatible with what he had before endeavoured to establish by the production of these deeds. The third and last exception has not been much pressed here, and certainly in the manner in which the point is here stated, there is nothing for this Court to act upon. The exception states generally, that the plaintiff offered evidence tending to prove that the conveyance from Offutt to James Remington, was fraudulent as against the plaintiff; and that the defendant offered evidence tending to prove the contrary; and then moved the Court to instruct the jury, that upon the evidence offered by the plaintiff, if believed by them, he was not entitled to recover; which instruction the Court refused. No part of the evidence given by the plaintiff to establish the fraud, nor any given by the defendant to rebut it, is stated in the exception. It is impossible to say that

[Remington *vs.* Linthicum.]

the Circuit Court were in error, when we have none of the facts before us upon which their opinion was given. Indeed, from the manner in which the testimony is referred to in the exception, it would seem that the question was rather one of fact than of law; and that it was, therefore, properly left to the jury.

An objection has also been taken to the declaration, upon the ground that the property sued for is not described in it with sufficient precision. It is described as "all that lot, piece, or parcel of land, lying, and being in Georgetown, aforesaid, being that part of lot number one hundred and fifty-three, in Beaty and Hawkins' addition to Georgetown, aforesaid, which is bounded as follows, to wit"—and the declaration then proceeds to set out its abuttals. Undoubtedly, it has often been decided in Maryland, that a declaration for a part of a tract of land by its name only, or for part of a lot in a town, by its number only, without setting out the lines or boundaries, is too uncertain; and that an action cannot be supported upon such a declaration. But this case does not come within these decisions, because the vague and imperfect description objected to, is immediately followed in the declaration by a particular description by lines and boundaries. It is said, however, that this description is also too vague and uncertain, and that the property is not sufficiently identified by abuttals, set out in the declaration. We think otherwise. The description of the premises appears to us to be sufficient, and we perceive no objection on that score, which ought to have prevented the plaintiff in the Court below from sustaining his action.

The judgment of the Circuit Court is, therefore, affirmed.