ERASTUS W. SANBORN *vs.* DAVID CHAMBERLIN & another.

In defence of an action by the officer for an unpaid balance of the price of an equity of redemption sold on execution, the purchaser cannot set up, as a defect in his title, that the officer does not state, in his return, that the execution was satisfied.

The officer's return of a sale of an equity of redemption on execution is a sufficient memorandum thereof in writing to bind the purchaser under the statute of frauds — Gen. Sts. c. 105, § 1.

The officer's return of a sale of an equity of redemption on execution need not state that the judgment creditor elected to have the levy made by sale instead of appraisement and setting off; and, if it states that the officer " deemed it expedient to postpone the sale for the want of purchasers," need not also state that he deemed the postponement expedient for the interest of all persons concerned.

In an action by the officer for the price of an equity of redemption sold on execution, an allegation in the declaration that the sale was had on a specified day, " to which time the plaintiff had duly adjourned said sale in the manner and form by law provided," is sufficiently definite; and the declaration need not set out the return.

A sheriff's deed recited that the grantor, having taken on execution the equity of redemption which J. S. had at nine o'clock, A. M., on January 27, 1865, " being the time when the same was attached on mesne process," in certain land, having given specified notices, and " having for sufficient cause duly adjourned the sale once not exceeding seven days," sold the said equity on December 23, 1865. The grant in the deed was of all the right to redeem which J. S. had " at the time aforesaid." *Held*, that the " time aforesaid " referred to the time of attachment, and not to the day of sale.

In an action by the officer for the price of a judgment debtor's equity of redemption, attached on the writ and sold on the execution, evidence that the debtor's only interest in the land at the time of attachment was the equity of redemption, and that he conveyed away that interest after attachment and before judgment, is competent as tending to prove that at the time of the defendant's breach of his contract of purchase the debtor had no interest which could be taken anew on execution, and therefore the measure of damages is the whole contract price, with interest.

CONTRACT by a deputy sheriff against Chamberlin and Warren N. Abbott, for an unpaid balance of the purchase money of an equity of redemption sold on execution.

The declaration alleged, in substance, that the plaintiff, being a deputy of the sheriff of Suffolk, did, in that capacity, on November 11, 1865, by virtue of an execution issued upon a judgment in favor of Elizabeth M. Shehan against James Dowd and another, " seize, take and levy upon all the right, title and interest that the said James Dowd had at nine o'clock, A. M., on the 27th day of January 1865, being the time when the same was attached on mesne process, of redeeming " certain described

mortgaged real estate, being two parcels of land in Boston
" that on the said 11th day of November, the plaintiff, deputy
sheriff as aforesaid, gave notice in writing to said James Dowd
of the levy on his said rights in equity, together with a notifica-
tion of the time and place appointed for the sale thereof, and an
attested copy of said execution; that said plaintiff posted noti-
fications of the time and place of sale, in accordance with the
requirements of law, and caused an advertisement thereof to be
published in a public newspaper, printed at said Boston, for the
time and in the manner by law required; that said notice to
said James Dowd and the other said notifications were given
thirty days at least before the time appointed for the sale, and
in the manner by law required; that the plaintiff, deputy sheriff
aforesaid, on the 23d day of November 1865, to which time
he had duly adjourned said sale in the manner and form by
law provided, put up for sale by public auction the said rights
in equity of redemption, upon and subject to the condition, that
the purchaser thereof should pay the sum of $100 of the pur-
chase money at the time of said sale, and the balance thereof
upon the delivery or tender of a sufficient deed of said rights in
the usual form of a sheriff's deed; that, upon such putting up
to sale by public auction of the rights aforesaid, the defendants
were the highest bidders for the same, and that they jointly bid
for the said rights of redemption in said described premises, for
the first named parcel, the sum of $100, and for the second, the
sum of $715, amounting in the whole to the sum of $815; that
the defendants at that time paid to the plaintiff, in part payment
of said purchase money, the sum of $100, and agreed to pay
the balance on the delivery of a deed of said rights so purchased
by them; that the plaintiff, in pursuance of said purchase, made,
executed, acknowledged and tendered to said defendants, a suffi-
cient deed of said rights of redemption, and demanded of them
the balance of the purchase money aforesaid, being $715; that
within three months after said sale said deed was duly recorded
in the registry of deeds for the county of Suffolk, in which
county said lands lie; that all things were done, and all require-
ments of law were fulfilled, necessary to entitle the defendants

to all the said debtor's rights of redemption in said premises, and to make said sale valid and binding; yet the defendants refused, and still refuse and neglect, to pay said balance of said purchase money, though often thereto requested; and the defendants owe the plaintiff said sum, with interest thereon from said 23d day of December 1865."

Each defendant in his answer denied each and every allegation in the declaration, and alleged " that the defendants and each of them declined and refused to receive or accept a deed of said premises described in the plaintiff's declaration, and never did receive or accept the same, and the plaintiff has not made his return on said execution, or returned it to the clerk's office, and the defendants do not owe the plaintiff anything on the matter declared on."

At the trial in the superior court, before *Wilkinson*, J., the plaintiff put in evidence the record of the proceedings in the suit of Shehan against Dowd and another, which showed that all the right, title and interest which Dowd had in real estate in the county of Suffolk was attached therein at nine o'clock, A. M., on January 27, 1865; that judgment was recovered, and execution issued against Dowd; and that the plaintiff, as deputy sheriff, levied the execution on November 11, 1865, and made return thereon. The return, after reciting the seizure and levy upon Dowd's right in equity of redeeming the two parcels of land, and the giving and publication of the notices of the time and place of sale, continued thus:

" At the time appointed for selling said rights in equity, to wit, December 16, 1865, I deemed it expedient to postpone the sale for the want of purchasers. I therefore adjourned said sale to the 23d day of same December, at twelve o'clock, noon, at same place, by a public proclamation thereof at the time. In conformity to said adjournment, on the 23d day of December 1865, I made sale of said rights in equity severally at public auction to Warren N. Abbott and David Chamberlin, of said Boston, they having bid for the first parcel $100, and for the second parcel $715, and no person appearing to bid more, each of said parcels was severally knocked off and sold to them for

Sanborn *v.* Chamberlin & another.

said several sums of $100 and $715, amounting in the whole to $815, at which time they delivered to me their check in writing for $100, in part payment of their purchase, and agreed to pay the balance on the delivery of the deed. In pursuance thereof, I made out and executed and tendered to them a good and sufficient deed of said rights in equity, and demanded of them $715, the balance of the consideration or purchase money; but they refused to take said deed, and pay said balance or any part thereof. Now therefore, being in doubt whether I ought to return this execution satisfied in part or in full, I return the same with the facts as above, praying the court for instructions on this point, and that I may be allowed to amend in accordance with such order as the court may pass."

The plaintiff also put in evidence the deed tendered by him to the defendants, which was admitted to have been duly executed and to have been recorded.

On this evidence, the judge ruled that " the fact that the plaintiff did not state, in his return, that the execution was satisfied, constituted a fatal defect in the defendants' title under the levy," and directed a verdict for the defendants. The plaintiff alleged exceptions, which were submitted to the determination of this court on briefs in November 1868.

*L. A. Jones*, for the plaintiff.

*T. S. Dame*, for the defendants.

CHAPMAN, C. J. The learned judge who tried the case ruled that the fact that the plaintiff did not state, in his return, that the execution was satisfied, constituted a fatal defect in the defendants' title under the levy, and that this action could not be maintained, for that reason.

But it is obvious that an officer cannot be bound to state in his return what is not true; nor is he under obligation to advance the money to satisfy the execution. The execution remains unsatisfied because the defendants have not fulfilled their contract; so that they are setting up their own fault as a defence to the action. Such a defence is not in accordance with just principles. It ought not to be maintained unless it be held that the contract of sale was not valid except at the buyer's option

But the statute, which authorizes an officer to sell an equity of redemption to the highest bidder, makes the sale, regularly made, a valid contract. By seasonably tendering a deed, properly executed, the officer fulfilled it on his part. The defendants' promise to pay was not within the statute of frauds, and they cannot avoid it by proof that the officer has made a return according to the truth in respect to their breach of their promise.

*Exceptions sustained.*

The plaintiff afterwards filed an additional count to the declaration, as follows: " And the plaintiff says that he was a deputy of the sheriff of Suffolk on the 23d day of December 1865, and that on said day, in his capacity of deputy sheriff, he made an agreement with the defendants to sell them for the sum of $815, by them to be paid to the plaintiff in his said capacity of deputy sheriff, all the right, title and interest which James Dowd of Boston had on the 27th day of January 1865, of redeeming certain mortgaged real estate, to wit, all the right in equity which said James Dowd had on said 27th day of said January of redeeming" the two parcels of land described in the original count. " And the plaintiff says that the defendants agreed to pay him in his said capacity of deputy sheriff the sum of $815 therefor, and paid him in his said capacity of deputy sheriff, in part performance of their said agreement, $100 on said 23d day of December 1865, and promised to pay the balance, to wit, the sum of $715, upon delivery of the deed therefor. And the plaintiff says that he made, executed, acknowledged and tendered to the defendants, a sufficient deed therefor, and has performed and fulfilled said agreement in all things on his part to be performed and fulfilled, but the defendants have neglected and refused, and, though often requested, still neglect and refuse, to pay said sum of $715 by them agreed to be paid as aforesaid on the 23d day of December 1865; to the damage of the plaintiff, and therefore he brings this suit."

The defendants also filed an amended answer, in which each of them, in addition to their former answer, denied each and every allegation in each count of the amended declaration, and

alleged that "the promise, contract or agreement, upon which this action is brought, and upon which each count set forth in the plaintiff's declaration is brought, is not and never was in writing signed by the party to be charged therewith, or by any person thereunto by said Chamberlin and Abbott, or either of them, lawfully authorized; and there is not and never was any memorandum or note of any such promise, contract or agreement, in writing signed as aforesaid."

At the new trial in the superior court, before *Devens*, J., the plaintiff put in the same record evidence as at the former trial. The defendants objected that the return of the execution was not admissible under the pleadings, but the objection was overruled.

The plaintiff then put in evidence a deed from himself to the defendants. This deed was in the usual form of a sheriff's deed; recited that the plaintiff, having seized and taken on execution all the right in equity which James Dowd had at nine o'clock, A. M., on January 27, 1865, "being the time when the same was attached on mesne process," of redeeming the two parcels of land, (describing them,) and having given and published the proper notices, (specifying them,) "and having for sufficient cause duly adjourned the sale once, not exceeding seven days, on December 23, 1865, made a sale of said rights in equity of redemption" to the defendants, "they being the highest bidders for the same, for the sum of $100 for the first parcel and $715 for the second parcel;" and continued thus: "Now therefore, in consideration of said sum of $100 and $715, amounting to $815, to me paid by the said Abbott and Chamberlin, the receipt whereof I do hereby acknowledge, I have given, granted, bargained and sold, and do by these presents give, grant, bargain, sell and convey to the said Abbott and Chamberlin, their heirs and assigns forever, all the right in equity which the said James Dowd had of redeeming the aforesaid mortgaged equity at the time aforesaid. To have and to hold," &c. This deed was dated December 23, 1865, was acknowledged by the plaintiff and was recorded March 14, 1866.

The plaintiff testified that this deed was the deed referred to in his return, that all the facts stated in the recitals and deed

were true, except as to the receipt by him and payment by the defendants of the consideration money; that at the auction Chamberlin bid off as the highest bidder, in the name of Abbott and himself, the equity in the first parcel for $100, and the equity in the second parcel for $715, and directed the deed to be made to both of them; that $100 were paid down at the auction in part payment for both the parcels; that Chamberlin promised to pay the balance as soon as the deed was made out; that the plaintiff made out, executed and tendered the deed to Chamberlin, for both the defendants, within three days after the auction, and demanded payment of the balance of the consideration, but Chamberlin refused to take the deed and pay the balance; and the plaintiff then recorded the deed, and had never received any more money upon the sale. The defendants objected to the foregoing evidence as to any agreement of the defendants to pay the plaintiff and to receive a deed at a future day; but their objection was overruled.

The plaintiff then offered in evidence office copies of certain conveyances, tending to show that Dowd at the time of the attachment and sale owned only equities of redemption in the parcels of land; and also of certain conveyances, (as bearing on the amount of damages that the plaintiff was entitled to recover under the second count of his declaration,) tending to show that Dowd, after the attachment and before entry of judgment in favor of Shehan, conveyed the equity of redemption in each of said parcels to one Tompson. The defendants objected that these deeds were inadmissible under the pleadings; but the objection was overruled.

The defendants conceded that, if Chamberlin was liable in this action, Abbott was also; and they offered no evidence; but contended that "the plaintiff had not shown a sufficient memorandum to meet the requirements of the statute of frauds; that he had not complied with the statutes and provisions of law relating to the sale; that he had not conveyed in his deed the same interest sold on the execution; that the deed was s) indefinite as to the interest conveyed as to be void, because the words ' at the time aforesaid ' in the granting clause did not refe*

to any particular time ; that the officer was not entitled to re-
cover except in his capacity as officer; that the law did not
authorize him to recover in that capacity ; and that the return
did not show that the creditor preferred or elected to have the
equities sold on the execution, and did not show a proper ad-
journment of the sale in a proper manner for a legal and proper
cause."

But the judge instructed the jury to return a verdict for the
plaintiff, and damages were assessed at the amount bid for the
premises by the defendants, with interest, after deducting the
sum of $100 paid by them ; and at the defendants' request the
judge reported the case, that judgment might be entered upon
the verdict or a new trial ordered, as this court should determine.

*T. S. Dame,* for the defendants.

*E. H. Abbot,* for the plaintiff.

GRAY, J.   None of the objections taken by the defendants to
the rulings of the superior court can be maintained.

1. The case is not within the statute of frauds.   That statute
indeed required, although the lands were sold by authority of
law, that the contract of sale, or some memorandum or note
thereof, should be in writing, and signed by the party to be
charged, or by some person lawfully authorized to sign it in his
behalf; and it might be difficult to give to the deed, which was
never actually delivered to and received by the purchaser, any
effect, either as a transfer of title, or as a memorandum of the
contract.   Gen. Sts. *c.* 105, § 1.   *Simonds* v. *Catlin,* 2 Caines,
61.   *Jackson* v. *Catlin,* 2 Johns. 248, and 8 Johns. 520.   *Bent* v.
*Cobb,* 9 Gray, 397.   But the memorandum necessary to take
a case out of the statute may be signed by an authorized
agent after, as well as at the time of, the sale.   *Lerned* v. *Wan-
nemacher,* 9 Allen, 416.   The officer's return upon the execution,
in the performance of, his official duty, in a matter in which he
had no personal interest, and which would by statute have
been valid, even if made after the return day, was such a memo-
randum.   Gen. Sts. *c.* 103, § 43.   *Remington* v. *Linthicum,* 14
Pet. 92.   *Hanson* v. *Barnes,* 3 Gill & Johns. 359.   Browne on
St. of Frauds, §§ 351, 369.

2. The only objections made to the sufficiency of the return are, that it does not state that the judgment creditor had elected to have the execution levied by sale, instead of by appraisement and setting off; and that the statement therein, that at the time appointed for the sale the officer "deemed it expedient to postpone the sale for the want of purchasers," and therefore by public proclamation at the time adjourned it for seven days, does not sufficiently state a cause of adjournment.

The first of these objections is answered by observing that the right of election between a levy by sale and a levy by extent is given by the Gen. Sts. *c.* 103, § 40, to the creditor alone; and that the return of the officer, showing a levy by sale, which he could not lawfully have made but at the election of the creditor, necessarily implies that the creditor had so elected.

As to the second objection; the Gen. Sts. *c.* 103, § 42, provide that, "if at the time appointed for the sale the officer deems it expedient and for the interest of all persons concerned therein to postpone the sale, either for want of purchasers or for other sufficient cause," he may adjourn it for not more than seven days by public proclamation. This section makes the officer the judge of the expediency of adjournment, for the interest of all persons concerned; and specifies the want of purchasers as a sufficient cause. The return in this case states that the officer deemed the adjournment expedient for this very cause, which shows that it was "for the interest of all persons concerned," as clearly as if those words had been added. .

3. This action is for the price agreed to be paid by the defendants for the land sold, and the declaration sets forth the facts necessary to constitute the cause of action with substantial certainty. The allegation that the sale had been adjourned by the officer, in the manner by law required, to the time when it took place, is sufficiently definite. It was not necessary to set out the return; for it was not the instrument on which the action was brought, but only a piece of evidence to be introduced at the trial; and neither party is required in pleading to state evidence or disclose the means by which he intends to prove his case. Gen. Sts. *c.* 129, § 27.

4. The grant, in the deed tendered, of " all the right in equity which the said James Dowd had of redeeming the aforesaid mortgaged real estate at the time aforesaid," manifestly refers not to the day of the sale, the date last mentioned, but to the day previously mentioned as " being the time when the same was attached on mesne process."

5. The deeds, showing that the judgment debtor at the time of the attachment owned only equities of redemption in the land, and that he conveyed the same away after the attachment and before the judgment, were rightly admitted in evidence; for they tended to prove that at the time of the breach of the defendants' contract the debtor had no interest which could be seized anew on the execution ; and that the measure of damages was therefore the whole unpaid balance of the purchase money, and interest. *Old Colony Railroad Co.* v. *Evans*, 6 Gray, 36.          *Judgment on the verdict.*