TOWNSHEND v. SIMON.

1. A sheriff who has sold lands under a *fieri facias* out of Chancery in a foreclosure suit, may bring an action in his own name against a purchaser who refuses to comply with the conditions of sale. The remedy in the Court of Chancery to compel the purchaser to complete the purchase by summary processs, is not exclusive.

2. Where the conditions of sale are, that if a purchaser refuse to comply, the property will be re-sold, and the purchaser held liable for all losses and expenses; and on the refusal of the purchaser to comply, the property has been re-sold on the same conditions of sale, and a less sum realized; in an action against the former purchaser, the measure of damages is the difference between the defendant's bid and the sum realized at the second sale, together with the costs and expenses of the re-sale.

3. The money recovered in such action will be the money made by the sheriff, under the process in his hands, which he must account for to the persons interested, in the process under which the sale was made.

The defendant was the purchaser at a sale of mortgaged premises made by the plaintiff as sheriff of the county of Passaic, by virtue of a writ of *fieri facias* issued out of the Court of Chancery upon a decree of foreclosure.

The sale was made upon certain conditions, in writing, among which was the usual stipulation that if the purchaser fail to comply with the conditions of sale, the property would be re-sold, and the former purchaser held liable for all losses and expenses, and receive no benefit from such second sale.

The property was struck off to the defendant for the sum of $4100, and he signed, at the foot of the conditions of sale, a written acknowledgment of his purchase at that price.

The defendant having refused to complete the purchase by accepting a deed and paying the purchase money, the premises were subsequently set up at a second sale, upon the same conditions, and sold for a less sum than the bid of the defendant.

The action was brought by the sheriff against the defendant to recover the difference between his bid and the price realized at the second sale, and also the costs and expenses of the latter sale, as damages for the non-performance of the agreement of purchase.

At the circuit the plaintiff was non-suited, and a rule to show cause why the non-suit should not be set aside, was allowed.

Argued at November Term, 1875, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the rule, *J. C. Paulison.*

Contra, *J. W. Griggs.*

The opinion of the court was delivered by

DEPUE, J.   The non-suit in the court below was ordered on the ground that the remedy was not in an action at law, but by a proceeding in Chancery in the foreclosure suit to

Townshend v. Simon.

compel the defendant, as a purchaser under a sale by virtue of process out of the Court of Chancery, to take a conveyance and comply with the conditions of sale.

It may be assumed, as an established doctrine of the Court of Chancery, that a purchaser under a decree by the act of purchase, submits himself to the jurisdiction of the court as to all matters connected with the sale which relate to him in the character of purchaser. *Casamajor* v. *Strode*, 1 *Sim. & Stu.* 381; *Requa* v. *Rea*, 2 *Paige* 339; *Shann* v. *Jones*, 4 *C. E. Green* 251. The sale may be set aside by an order in the original cause, without a new bill being filed. *Brown* v. *Frost*, 10 *Paige* 243; *Wetzler* v. *Schaumann*, 9 *C. E. Green* 60. And the purchaser may appeal from such order, though he be not a party to the cause. *Bailey* v. *Maule*, 7 *Cl. & Fin.* 121; note cited in *National Bank of Metropolis* v. *Sprague*, 6 *C. E. Green* 462. It has also been held, that the purchaser may be compelled to complete the purchase, by a summary order in the original cause. *Lansdown* v. *Elderton*, 14 *Ves.* 512; *Wood* v. *Mason*, 3 *Sumner* 318; *Cazet* v. *Hubbell*, 36 *N. Y.* 677; *Silver* v. *Campbell*, 10 *C. E. Green* 465.

The modern practice of the English courts is, by an order to direct the premises to be re-sold, and the purchaser to pay the costs and expenses of the sale, and also the deficiency (if any) in the price at the second sale. 2 *Daniell's Ch. Prac.* 1282. This practice seems to have originated with Lord Eldon in 1811, in *Gray* v. *Gray*, reported in 1 *Beavan* 199; and in the note to *Harding* v. *Harding*, 4 *M. & Craig* 514.

But if it be conceded that the Court of Chancery may compel a purchaser, by summary process, to complete his purchase, that is no reason for holding its jurisdiction exclusive. It is only where the right, as well as the remedy, is purely the creature of equity, without any legal obligation for its foundation, that the jurisdiction of the courts of equity is exclusive. On the ordinary agreement to purchase, Chancery may decree specific performance, and upon a sale under foreclosure the purchaser may be put in possession by writ of

assistance, and yet it has never been contended that the power of the court to grant relief according to its own peculiar proceeding excluded the jurisdiction of courts of law. The parties may sue at law for damages arising from the non-performance of the agreement to sell, and the purchaser at a foreclosure sale may recover possession by an action of ejectment, notwithstanding another remedy is attainable in a court of equity.

A stipulation for a re-sale in case of default of the purchaser to comply, and for his liability for the expenses and loss on the second sale, has long been in use as one of the usual conditions of sale. Sir Edward Sugden recommends that it never be omitted. 1 *Sugden on V. & P.* 57 [39.] It has always been regarded as a substantial security for the fulfilment of the agreement to purchase, on which an action at law is maintainable. In such action the measure of damages is the difference between the defendants' bid at the first sale, and the sum realized at the second sale, together with the costs and expenses incident to the re-sale. *Ockenden* v. *Henly, E. B. & E.* 485; *Cobb* v. *Wood,* 8 *Cush.* 228; *Webster* v. *Hoban,* 7 *Cranch* 399. The difference in price on the re-sale is, in law, so far regarded as a liquidated debt as to be proveable as such in bankruptcy. *Ex parte Hunter,* 6 *Ves.* 94.

The only cases I have been able to find in which the right of an officer, selling under judicial proceedings, to sue the purchaser at law on a condition of this kind, has been questioned, are *Wood* v. *Mann,* 1 *Sumner* 319, and *Miller* v. *Collyer,* 36 *Barb.* 250. In *Wood* v. *Mann,* Justice Story expresses the opinion that a court of law would not entertain jurisdiction of such a suit, where the sale was made under a decree of a court of equity. The subject under consideration was the power of a court of equity to enforce, by summary process a security voluntarily given in a court by a person, who, on his own application, was substituted in the place of the purchaser, on which an order was made that the person so substituted pay the purchase money within a specified

time. The opinion on this head was merely *obiter*, and was founded on the supposed inability of a court of law to ascertain and measure the extent of the damages. The apprehension that an adequate remedy could not be afforded in a court of law, on the agreement to purchase, is entirely without foundation. A court of law will give as damages in such a suit precisely the same measure of redress as by the modern practice is attainable in equity. In *Miller* v. *Collyer* the court held that a memorandum at the foot of the conditions of a sale, made by a sheriff, under foreclosure proceedings, stating that the party had bought at a certain price, and that he agreed to comply with the conditions, and signed by him, was a mere submission to the authority of the court in which the decree was had, and not a contract, either with the sheriff or the plaintiff in the suit, and that, therefore, no action could be maintained upon it. The argument by which this conclusion was reached, was that the memorandum lacked the essential elements of a contract, not only in parties, but also in mutuality and consideration. Inasmuch as the legal results of a purchase at a sheriff's sale are an obligation on the part of the officer to convey, and on the part of the purchaser to accept a conveyance and pay the purchase money, it is difficult to perceive wherein the undertaking is deficient in either mutuality or consideration. The duty of the officer to make conveyance of the lands on his acceptance of the bid of the successful bidder, and his power to transfer to the purchaser the title he is selling, are as much a consideration as his ability to pass the property in chattels on the sale of personal property. The only difference is, that property in chattels passes by the sale, whereas on a sale of lands a deed is necessary to convey the legal title. The rights of the buyer, in both instances, are fixed when the bid is accepted. Whatever else is necessary to complete the transaction is merely a compliance with the forms of passing title to lands. Each party, it is admitted, may compel performance by the other by the intervention of the court out of which the process issued. A more decided illustration of consideration and

mutuality in a contract can scarcely be found. The same elements of mutuality and consideration are present in a sale by an officer having power to sell, and ability to make conveyance, as attend a sale by an owner at public auction.

The practice of the Court of Chancery, by summary process, to compel the purchaser to complete the purchase, is founded on the assumption of a contract, on his part to that effect. This is apparent from the observations of Lord Cottenham in *Harding* v. *Harding*, 4 *M. & Craig* 514. The notion that the contract is with the court, is too fanciful to merit much consideration. It is regarded as such a contract as may be made the ground for a bill for specific performance in the name of the officer. *Ely* v. *Perrine*, 1 *Green's Ch. R.* 396; *Bowne* v. *Ritter*, 11 *C. E. Green* 456. In *Michener* v. *Lloyd*, 1 *C. E. Green* 41, Chancellor Green treats a claim against a purchaser at a sale by commissioners in partition, selling under an order of the court for a deficiency at a second sale, as a claim for damages sustained by the breach of the contract contained in the conditions of sale. He also held that the contract was with the commissioners; that they alone had the right to enforce it, and that the remedy was properly in a court of law, by action on the contract. In *Shinn* v. *Roberts*, *Spencer* 435, the action was at law, by commissioners in partition against a purchaser not complying with the conditions of sale, to recover the difference in the price at the first and second sales. The case was contested by able and experienced counsel. No point was made on the argument as to the ability of the commissioners to sue, and Carpenter, J., in the opinion of the court, declares that he had no difficulty on the subject of the right of the commissioners to maintain the action. In *Cobb* v. *Wood*, 8 *Cush.* 228, it was expressly decided by the Supreme Court of Massachusetts, that an administrator selling lands under a license of a probate court, might recover at law against a purchaser who bid in the property, and signed the memorandum of sale, and then refused to comply; and that the sum recoverable was the difference in the price at the first and second sales. In *Sanborn* v. *Chamberlin*,

101 *Mass.* 409, an officer, selling under an execution at law, was allowed to recover of a purchaser on his contract to purchase, the purchase money, the conveyance having been tendered, but not accepted.   There is no difference between a sale by a sheriff under an execution out of Chancery on a foreclosure, and that of an officer or individual selling under any power or authority not coupled with an interest, such as a sheriff selling under an execution at law, auditors in attachment, commissioners in partition, guardians, executors or administrators selling under an order of the court, and executors making sale under a power in the will.   To deny the right to sue at law on the contract of purchase in these enumerated cases, would, in many instances, be practically a denial of any remedy against a defaulting purchaser who sees fit to recede from his bargain.   In some, if not all of these cases, there is no power in any court to enforce the purchaser's agreement by summary process.   If, in these cases, actions at law may be brought on the conditions of sale, no reason can be suggested why a similar remedy may not be had on the conditions of a sale under the process of the Court of Chancery.

That relief may be had by another method, and in another court, does not exclude the jurisdiction of courts of law.   The remedy in that forum, by action, is frequently less expensive, and more convenient than in the Court of Chancery, and the measure of compensation as indemnity is the same in both courts.   In such an action, the defendant is subjected to no inconveniences as to defences which would not equally lie in the way of a purchase at a sale under common law process.   The purchaser cannot complain that there is a more summary method of dealing with him in the premises, and of compelling him to abide by his contract.   *Bowne* v. *Ritter, supra.*

The suggestion that the sale to the defendant might have been disapproved of by the Chancellor, and that the sheriff, on his own motion, may be prosecuting this suit, is entitled to no weight.   If the sale was improperly conducted, to the prejudice of defendant as purchaser, he might, by summary application to the Chancellor, have been discharged from his

bid.   And if the sheriff is prosecuting this suit for improper purposes, by consent of all those of whose interest he is the representative, it will be stayed by the court.

Nor will any embarrassment arise as to the disposition of the moneys that may be recovered in this action.   The sheriff is the representative and trustee of the persons interested in the process under which he makes the sale, the complainant, the other encumbrancers, and the owner whose property he is empowered to sell.   So strictly is he regarded as a trustee,. that he has no power to relieve a purchaser from a sale which is advantageous to the parties to the suit, or yield any substantial right affecting either the complainants or the defendant.   It was so held by Chancellor Zabriskie in *Shann* v. *Jones,* 4 *C. E. Green* 251.   The money recovered in this suit will be money made under the process in his hands.   It will represent, when taken with the sum obtained at the second sale, what the officer has realized out of the property, and what he would have received, immediately, if the defendant had kept his engagement.   It was said by Carpenter, J., in *Shinn* v. *Roberts,* in speaking of a similar suit by commissioners in partition : " The money recovered, after deducting expenses and a reasonable remuneration, will be the moneys of the parties in interest, and its payment over would be enforced by the proper tribunal."   In *Cobb* v. *Wood,* the action was held to be maintainable by an administrator selling under an order for the payment of debts, though the amount obtained at the second sale was sufficient to pay all the debts and the costs of administration ; the recovery being for the benefit of the widow and heirs of the deceased.

The action was well brought, and the non-suit should be set aside, and a new trial ordered ; costs to abide the event..