STATE, DAVID R. JOSLIN, PROSECUTOR, v. JOHN A. ERVIEN.

1. A sale of a tenant's leasehold estate, made by a sheriff, under an execution against the tenant, can be proven only by a note in writing, made in accordance with section 2 of the statute of frauds.
2. The conduct of the purchaser, subsequent to sale not so proven, may be of such a character toward the original landlord as to fix upon the former the character of a tenant, and subject him to liability for rent.

On *certiorari.*

This writ brings up a judgment of the District Court of the city of Camden.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the prosecutors, *C. G. Garrison.*

For the defendant, *H. A. Drake.*

The opinion of the court was delivered by

REED, J.    This was an action brought by a lessor against the assignee of the lessee, to recover for a breach of the covenant to pay rent.

Upon the trial it appeared that Ervien, the plaintiff below, had made a lease, in writing, to Warner & Merritt, of a mill, with the engines, &c., contained therein, situate in the city of Camden.

The term was for three years, to run from November 20th, 1883, to April, 1887, at a rent of $70 per month up to April 1st, 1884, and afterward at a rent of $1400 a year, payable in alternate monthly installments of $70 and $116.66.

No written assignment of this leasehold estate from Warner & Merritt to Joslin was proved.    It was proved that Warner & Merritt took possession of the leased premises, and paid the

rent up to July, 1884. About that time they became insolvent, and their effects in and about this building were sold by the sheriff of Camden county, by virtue of an execution against them. The deputy sheriff sold these effects of Warner & Merritt, and his impression is that he sold the term of Warner & Merritt, with most of the effects in this building, to Joslin, the defendant.

Joslin paid the rent to Ervien for the months of July, August and September, 1884, by his own check.

It is in evidence that sometime after October, 1884, he said to Mr. Bergen, the attorney of Carr & Smith, who were sublessees under Warner & Merritt, that he thought that some money due to them from a subtenant of Carr & Smith should be paid to him.

It is in evidence that he received two payments of rent from John Kelly, another sublessee of Warner & Merritt, and gave receipts for the same, signed by himself, in his own name as principal.

In addition, Ervien says that he went with a Mr. Rogers to see Joslin, and he understood Mr. Rogers to say that Joslin had bought the lease, and that Joslin said nothing in reply. This was at or before the time Joslin paid the first rent.

The defendant's contention is that before the rent sued for accrued he had sold all his interest in the effects bought at the sale to the United States Foreign and Domestic Fruit Company, and that that company had taken possession of the premises in October, in 1884. He denies having bought the lease at the sheriff's sale. He says that he demanded of Mr. Bergen the rent due from Taylor, on behalf of the fruit company. That he paid the three months' rent with his own checks, by an arrangement with the fruit company, because its bank account was under attachment, and the company was to reimburse him. That the bill for the rent for October, November and December was made out by Ervien to the fruit company. That the receipts to John Kelly for November, December and January were given in the name of the fruit company. It appears, also, that Mr. Joslin was one of the incorporators of

the fruit company, which was organized on October 14th, 1884.

From this statement of the course taken by the cause at the trial, it at once appears that the plaintiff made no case against the defendant on the ground set forth in his state of demand. The defendant did not appear as an assignee, because, upon the assumption that the evidence was sufficient to afford a foundation for the finding that the defendant had, at the sheriff's sale, purchased the interest of Warner & Merritt in the lease, there was no written evidence of a transfer of that interest to him.

The second section of the statute of frauds (*Rev.*, *p.* 444) forbids the assignment of any lease of lands, except by an instrument in writing, signed by the party assigning, or his agent, lawfully authorized by writing. Where a sheriff, under an execution, sells a term of years, it operates as an assignment at law, and, when he sells a term in possession of the debtor, he can put a vendee in possession. *Taylor* v. *Cole*, 3 *T. R.* 292.

Upon such sale he must, however, execute an assignment of the lease, in writing, to the purchaser, and, if he merely puts the execution creditor in possession, the debtor may recover it again in ejectment. *Doe* v. *Jones*, 9 *M. & W.* 372.

The necessity of a written assignment was assumed in *Doe* v. *Brawn*, 5 *Barn. & Ald.* 243.

It was held in *Catlin* v. *Jackson*, 8 *Johns.* 520, that neither a seizure of lands under a *fi. fa.* nor an auction sale by the sheriff divested the title of the debtor till a deed was delivered by the sheriff.

It has been held that it requires only a memorandum of the sale, signed by the officer making the sale, to satisfy the statute, and his return may constitute a sufficient memorandum. *Sanborn* v. *Chamberlin et al.*, 101 *Mass.* 409 ; *Remington* v. *Lenthicum*, 14 *Pet.* 84, 92 ; *Hanson* v. *Barnes*, 3 *Gill & Johns.* 359.

And the return or memorandum may probably be made subsequently to the sale. *Freeman on Executions*, § 299.

But no memorandum in any shape was produced to evidence the assignment of the interest of Warner & Merritt to Ervien.

It therefore appears that the only ground upon which the judgment below (by an amendment of the pleadings) can be supported is that there arose a tenancy between Joslin and Ervien, by reason of the acts of the respective parties subsequent to the alleged sale under the execution against Warner & Merritt.

The case was so treated by the judge at the trial, and it was left to the jury to determine whether the relation of landlord and tenant existed between Joslin and Ervien.

The plaintiffs contend that the facts proven are sufficient to fix upon Joslin the character of a tenant. Joslin, on the contrary, contends that all he did was done for the United States Foreign and Domestic Fruit Company.

The question is not whether the evidence was such that the jury ought to have found that the company, and not Ervien, was the tenant, but whether there was any evidence from which the jury might have drawn the conclusion that at the time when the rent is alleged to have accrued Joslin was a tenant.

The jury might readily have found that the possession of the premises at that time was held by the fruit company, and not by Joslin. So, the jury might have found easily that the payments of rent were all made out of the funds of the company, or had been advanced by Joslin for the company, and that the demands made by Joslin for the payment to him of the rent due from persons who had been in possession under Warner & Merritt, and had remained in possession after the alleged sale of their property had been made on behalf of the company.

But, on the other hand, it appeared that the payment of the first three months' rent was made through the use of Joslin's own check.

The demand of rent by him from the sublessees was not coupled with any assertion that the demand was made on behalf of the fruit company.

Some receipts to sublessees were given in his own name.

These, with other circumstances which the jury had the right to believe to exist, were such as to afford them a ground for the conclusion that he was in possession of the premises, and was paying rent for them as the tenant of Ervien.

And, having found that this relation between Ervien and Joslin had come into existence, there was no conclusive evidence that it had terminated at the time of the accrual of the rent sued for. Joslin's relations with the fruit company were very close, and receipts were given and bills rendered which might lead to the conclusion that Ervien recognized, at one time, Joslin, and, at another, the fruit company, as the parties responsible for the rent, yet, the jury seems to have thought that Joslin remained the tenant. There was, in the evidence, sufficient for the jury to draw the conclusion that the fruit company entered into possession through an arrangement with Joslin, and never became the tenants in the place of Joslin.

The judgment below should be affirmed.