CASE No. 980.

SHERIFF v. WELBORN.

1. A, a judgment creditor, having purchased his debtor's land at sheriff's sale, brought his action and obtained judgment for the recovery of the land so purchased. The land was subsequently sold by a United States marshal to B under a judgment against the same defendant, of older lien than A's. In action by A against B for the recovery of this land, which was of less value than $1000, and all that the debtor had—*Held*, that B could not now require A to show that his judgment was based upon a contract of older date than the homestead law.

2. Particularly in this case, where there is no proof that the judgment debtor was the head of a family.

3. A purchaser of land at a marshal's sale proved the judgment and the marshal's deed, but not the execution nor the levy. *Held*, that he had not established his title, and that the recitals of execution issued and levy made, contained in the deed, were not proof of the facts so recited.

4. Cases reviewed, and *Hopkins* v. *De Graffenried*, 2 *Bay* 441, overruled.

5. This court can consider only such facts as are stated in the case.

Before PRESSLEY, J., Pickens, October, 1879.

Action commenced February 13th, 1879, by Exodus Sheriff against A. J. Welborn, for recovery of possession of a tract of land, formerly the property of N. H. Welborn. Judgment was rendered in the United States District Court for the District of South Carolina, on August 4th, 1874, in favor of the United States against N. H. Welborn. On February 7th, 1877, Exodus Sheriff recovered a judgment against N. H. Welborn in the Court of Common Pleas for Anderson county. A transcript

was filed in Pickens county, and, by virtue of an execution issued thereon, the land of the defendant was sold by the sheriff of Pickens county on August 6th, 1877, and purchased by Exodus Sheriff. On March 25th, 1878, Sheriff obtained a judgment against N. H. Welborn for the possession of this land. On January 6th, 1879, this same tract of land was sold by the United States marshal under the judgment of the United States court, and was purchased by A. J. Welborn, who, it seems, obtained the possession.

The recitals in the marshal's deed were as follows:

To all to whom these presents may concern: I, R. M. Wallace, marshal of the United States for the District of South Carolina, in the state aforesaid, send greeting. Whereas, by virtue of a *fi. fa.* issued out of the United States District Court for the District of South Carolina, tested the 21st day of October, in the year of our Lord one thousand eight hundred and seventy-eight, and returnable according to law, to me directed, and lodged in my office on the 21st day of October, one thousand eight hundred and seventy-eight, commanding me of the goods and chattels, houses, lands and other hereditaments, and real estate of N. Harvey Welborn, to levy the sum of one thousand and forty dollars, debt and costs, which the United States, on the 25th day of August, 1874, by judgment of the said court, at Greenville, S. C., lately recovered against the said N. Harvey Welborn, I have levied upon a certain tract of land in the District of South Carolina, in the county of Pickens aforesaid, hereinafter more particularly described. And whereas, after due and legal notice, the said tract of land was, on the 6th day of January, one thousand eight hundred and seventy-nine, being the first Monday in the said month, between the hours of eleven in the forenoon and three o'clock in the afternoon of that day, at the court-house in Pickens county, openly, publicly and fairly, and according to the usage and customs of vendues, by me sold for and towards satisfaction of the said judgment and execution, unto A. J. Welborn, for the sum of one hundred and thirty dollars, he being, at that price, the highest and last bidder for the same.

The other facts of the case are stated in the opinion. The jury found for the plaintiff and defendant appealed.

*Messrs. Earle, Wells & Taylor,* for appellant.

*Mr. A. Blythe,* contra.

2 H

March 1st, 1881. The opinion of the court was delivered by

McIVER, A. J. This was an action to recover possession of a tract of land originally belonging to one N. H. Welborn, under whom both parties claimed title. The plaintiff's title was derived from a sale made by the sheriff under an execution issued to enforce a judgment recovered by plaintiff against said N. H. Welborn, a transcript of which was docketed in the county where the land in dispute is situate, on June 5th, 1877. The plaintiff having bought the land at this sale, brought an action against the judgment debtor to recover possession and recovered a judgment therein. It appeared on this trial that "this was the only land the said N. Harvey Welborn owned, and he resided thereon as his home, and the said land was not worth more than one thousand dollars."

The plaintiff having proved his title closed, when a motion for a nonsuit was made upon the ground that the land in question being the homestead of the said N. H. Welborn, the sheriff could not make a valid sale of it under execution, and therefore the plaintiff had no title. This motion was refused upon the ground "that plaintiff's recovery of the land in his action against N. H. Welborn was conclusive of the question of his right of homestead, and it was therefore unnecessary to prove, in this case, that the judgment of Exodus Sheriff *v.* N. H. Welborn, was upon a cause of action existing prior to 1868;" and the defendant excepted.

This exception raises the first point presented by this appeal. In addition to the reason given by the Circuit judge for refusing the motion, which is quite conclusive, (inasmuch as the failure to interpose the claim of homestead on the trial of the former action to recover possession of this land effectually prevents not only the said N. H. Welborn, but the defendant, who claims under him, from now raising that question,) we may add that it nowhere appears that N. H. Welborn ever could have claimed a homestead in that or any other land, inasmuch as it nowhere appears that he was the head of a family. It is very clear, therefore, that the motion for a nonsuit was properly refused.

The defendant claimed title through a sale purporting to have been made by the United States marshal under a judgment re-

covered in the United States court, prior in date to that under which the plaintiff claimed, and, to support his claim, offered in evidence the certified record of said judgment with the deed from the marshal, but failed to produce any execution issued to enforce the judgment or account for its non-production, and failed to prove any levy, but relied on the recitals in the marshal's deed, a copy of which is set out in the " case." The Circuit judge held " that the failure by appellant to introduce on the trial any execution from the United States court or any levy by its proper officer," was a deficiency fatal to appellant's case, and that such deficiency " could not be supplied by the recitals in the deed, which, standing alone, could not show · title in the appellant ;" to all of which defendant excepted. So that the question presented by this exception is, whether a sale under an execution can be proved by ,the mere recitals in the deed of the officer making such sale, or must the execution be produced, or in case of its loss must secondary evidence of its existence, and contents be adduced ?

For the purposes of this case, a sale by the United States marshal under an execution issuing out of the United States court, may be regarded as standing upon the same footing and governed by the same principles as a sale made by the sheriff under an execution issuing out of the state court. There can be no doubt but that a judgment merely will not authorize the sheriff to make a valid sale of land. There must not only be an execution conferring upon him authority to make such sale, and a levy made under such execution, but there must be an execution which has not lost its active energy ; for while a sheriff may sell under an execution, which, *at the time of the sale,* has lost its active energy, provided the levy has been made before, (*Gibbes* v. *Mitchell,* 2 *Bay* 120 ; *Toomer* v. *Purkey,* 1 *Mills' Const. R.* 323 ; *Wheaton* v. *Sexton,* 4 *Wheat.* 503 ; *Remington* v. *Linthicum,* 14 *Pet.* 84,) yet if he undertakes to make a sale of lands under an execution, which has lost its active energy *before he has made a levy,*\* the sale will be absolutely void. *Sims* v. *Randall,* 2 *Bay* 524.

\* This fact, viz., that the levy had not been made until after the execution had lost its active energy, does not appear in the case as reported in Bay, but in *Toomer* v. *Purkey,* 1 *Mills' Const. R.* 323, it is stated as distinguishing the one case from the other.

It is contended, however, that conceding all this, yet it is not necessary to offer the execution in evidence and the levy made under it, but that this may be supplied by the recitals in the sheriff's deed. This, it seems to us, would be an anomaly. The validity of the sale depends upon the question whether the officer making it had authority so to do, and to receive his mere assertion, in the form of a recital in his deed as proof of his authority, would look very much like allowing a person to make evidence for himself. The execution issuing out of and under the seal of the court is the sheriff's authority to sell, and without it the sale would be a nullity. It would seem, therefore, that the highest and best evidence would be the mandate of the court bearing its seal, and to say that the mere assertion of the officer that he had acted under and by authority of such mandate, supersedes the necessity for producing such mandate, would be to place it in the power of the officer to sell the property of the citizen without any authority at all. But to sustain the position taken by the appellant, the case of *Hopkins* v. *De Graffenried,* 2 *Bay* 441, is cited, and that case does sustain the proposition that it is not necessary to introduce the execution in proof of a title claimed under a sheriff's sale, but that the recitals in the sheriff's deed will be sufficient evidence of his authority to sell. That case, however, was decided as far back as 1802, by a divided court, and does not seem to have been since recognized, or even referred to by the court in any case that we have been able to find. On the contrary, the proposition established by it has been again and again ignored, and the case cannot be regarded as authority. In *Barkley* v. *Screven,* 1 *N. & McC.* 408, decided in 1819, the question was whether it was necessary to introduce all the intermediate executions to establish a title under a sheriff's sale, and the court held that all that was necessary was the judgment *and the execution* under which the sale was made, and that it was unnecessary to introduce all the intermediate executions. In *Vance* v. *Reardon,* 2 *N. & McC.* 299, decided in 1820, it was held that to make out a title to personal property under a sheriff's sale, the production of the execution under which the property was sold was indispensable. Johnson, J., in delivering the opinion of the court, uses this language: " This question is, I think,

conclusively settled by this court in the case of *Barkley* v. *Screven*, *supra*, in which it was determined that although it was not necessary to produce all the executions intervening between the judgment and that under which the sale was made, the latter was indispensable, as the authority under which the sheriff acted, and that the judgment on which it was founded ought also to be introduced. It is true, that in that case lands were the subject of litigation, but I am unable to see any reason why the rule will not apply equally to personal property." In *Richardson* v. *Broughton*, 2 *N. & McC.* 417, decided in 1820, it was held that where a person claims land under a sheriff's sale, the judgment *and execution* under which the land was sold must be produced in evidence. In *Smith* v. *Libby*, (MS., decision in 1822,) 2 *Rice's Dig.* 328, a plaintiff in an action of trespass to try titles, as a part of his title relied upon a sale made by the sheriff. He produced the judgment and proved the sale, but could not introduce the execution, as it was not to be found either in the clerk's or sheriff's office after diligent search. The court held that the clerk's office being the proper repository of all process issuing from the court, after the purpose for which it was issued had been accomplished, proof that the execution in question was not to be found there after diligent search, was sufficient proof of its loss. In *Harrison* v. *Maxwell*, 2 *N. & McC.* 349, the question was as to the effect of a misrecital of the *fi. fa.* in the sheriff's deed, and, in speaking of the effect of recitals in the sheriff's deed, the court uses this language, (the italics being ours): "It is not the recital of a power or authority to sell and convey which gives the right, *nor is it evidence of the right.* * * * The levy and sale invest him with the title, so far as to enable him to convey, *and it is incumbent on the party claiming under him to show these powers; the recital will not do it."* In *Sawyer* v. *Leard*, 8 *Rich.* 271, the question was whether the sheriff should be allowed to testify that he had not levied on the land in dispute, and the court, in discussing that question, says: "It may be shown that the sheriff had no execution justifying his levy and sale, and, therefore, no authority to sell, as this contradicts only a recital in his deed, *which is not even prima facie evidence of his official authority."*

Now it is very clear that if the court had intended to be governed by the doctrine laid down in Hopkins v. De Graffenried, none of the foregoing decisions could have been made.

The cases cited by the appellant in his brief to sustain the rule laid down in Hopkins v. De Graffenried, do not, in our judgment, have that effect. *Henry* v. *Ferguson,* 1 *Bail.* 513, was a case in which the defendant in an action of trespass to try titles, not being the judgment debtor, undertook to question the regularity of the judgment under which the plaintiff claimed, and it was held that a purchaser at sheriff's sale was not bound to examine into the regularity of the proceedings on which the judgment under which the sale is made was founded, and that third persons cannot take advantage of such irregularities. It is difficult to see how this case can be regarded as either recognizing or sustaining Hopkins v. De Graffenried. In *Ingram* v. *Belk,* 2 *Strob.* 207, the questions were as to the regularity of the judgment and execution under which the sale was made, and it was again held that third persons could not take advantage of mere irregularities; that an execution, issued more than a year and a day after the judgment was rendered, was not void but voidable merely, and a purchase made under it before it had been set aside was good. But there is nothing in the case which warrants the idea that mere recital in a sheriff's deed would supersede the necessity for proof of the execution and levy under which the sheriff sells. In *Floyd* v. *Mintsey,* 5 *Rich.* 365, the question was as to the sufficiency of the evidence offered to establish the judgment under which it was claimed that the land was sold, and although the Circuit judge, in his report, does say "if the existence of a judgment had been proved, I suppose evidence of *fi. fa.* might have been derived from the sheriff's deed," yet the Court of Appeals say nothing whatever upon this point; in fact there was nothing in the case to call for any expression of opinion as to the effect which should be given to recitals in a sheriff's deed. In *Stuckey* v. *Crosswell,* 12 *Rich.* 278, there are some remarks made which seem to countenance the idea that the recitals in a sheriff's deed might supersede the necessity for introducing the execution and proving the levy and sale made thereunder, but that was not the point under consider-

ation in that case, and it cannot be regarded as deciding the question. In addition to this, the action in that case was against the defendant in the execution, and as the doctrine is well established that the sheriff, in making the sale, acts as the defendant's agent, it may very well be that such defendant would be estopped from denying the recitals in the deed of the sheriff, which is, in law, his own deed, and in that way such recitals might be regarded as proof of the facts so recited as against the defendant in the execution, while they would be no evidence against a third person. In *Fretwell* v. *Neal*, 11 *Rich. Eq.* 559, Wardlaw, Ch., in the Circuit decree, says that there was *prima facie* proof of the existence and loss of the execution under which the property in question was sold, and Johnston, Ch., in delivering the opinion of the court, says: "The great lapse of time which has occurred tends very much to support the defendant's case. This is true not only in supplying lost papers, but in raising the presumption that there was no wrong committed." This case, therefore, cannot be regarded as affording the slightest support to the doctrine laid down in Hopkins *v.* De Graffenried.

From this review of the authorities it is very manifest that the doctrine laid down in Hopkins *v.* De Graffenried has never been recognized in any subsequent case, but, on the contrary, the court has made several decisions which not only ignore that doctrine but are plainly inconsistent with it. Under these circumstances, and in view of what we understand to have been the universal practice in regard to the necessity for producing the execution under which the sheriff sells, and proving a levy and sale thereunder, we feel justified in declaring that the case of Hopkins *v.* De Graffenried is not authority.

It is true that it is stated in appellant's second exception that search had been made for the execution under which the marshal sold, and that it could not be found, but this fact does not appear in the "case" as submitted here, and, therefore, as we have frequently had occasion to say, it cannot be considered.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.