*343 OPINION of the Court, by
Ch. J. Boyle.
— iVxet háving obtained a judgment against Irvin and Bullock, sued out a fierifacias against them, bearingdate the 15th *344 of January 1812, and returnable the Saturday after the 4th Monday in March next thereafter. On the 25th of March the sheriff into whose hands the execution had been delivered seized two lots belonging to Bullock, and on the 18th of April exposed the same to sale. Bullock having become the purchaser, executed his bond for the payment of the price within three months, and on the 13th of May the sheriff returned the execution with endorsements thereon containing a report of what he had done.
A venditioni exponas gives no new authority to the Ihe-riff, but is to compel him to do that which he w»s before authorifed to do.
To set aside the sale and quash the bond for the amount of the sale, Irvin and Bullock sued out a writ of error corani vobis, and assigned for error among other things “ that the sale of said property was made when, the sheriff had no right to proceed under said execution, it being subsequent to the return day of said execution.”
The court below overruled the errors assigned, and gave judgment for Picket, from which Irvin and Bullock have appealed to this court.
The only material question is," whether the sheriff having seized the property before the execution was returnable, could after the return day proceed to sell ?
There is no doubt that he could do so at common law. The authorities abundantly prove that where the sheriff had seized goods, he might sell them after the return of the writ, and even after he had gone out of office, without a venditioni exponas —2 Ld. Raym. 1073—Cro. Jac. 73—1 Vez. 195-6—Tidd’s Prac. 925.
This doctrine was admitted in the argument to be correct at common law, but it was contended that it was in effect repealed by the statutory provisions of this country. It is not pretended that there is any express repeal of the doctrine of the common law upon this subject, and unless it can be shewn that the doctrine is incompatible with the statute law of the country, it cannot be virtually repealed thereby. It is argued, however, that in this respect the common law is repugnant to that provision of the statute concerning executions, which injoius the sheriff, under the sanction of considerable penalties, to return the execution according to its requisition. But in this respect there is in principle no difference between the common law and the statute. It was equally the duty of the sheriff at common law, *345 where he bad taken property and had not sold, to make return of the execution ; and if he failed to dó so he might be amerced at the discretion of the court. But notwithstanding, he had returned the execution as it was his duty to do, Ire might, as wé have already seen, proceed to sell: so in like manner, though he may have returned the execution as the statute requires him todo, he may nevertheless sell; for if at common law the actual return of the execution did not destroy his authority tb sell after the return day was past, it is evident that the injunction to return the execution cannot have that effect. It is plain, therefore, that stich an injunction is not incompatible with the principles of the common law.
But it is farther urged that the provision requiring that wherever the sheriff shall return that property remains in his hands unsold, a venditioni exponas shall issue, is a virtual repeal of the common law.’ Wé can perceive as little inconsistency with the common law in this provision as in the former one relied on. The authorities before cited clearly shew that a venditioni ex-ponas gives no new authority to the sheriff, but is intended merely to compel him to do that which he was before authorised to do. When thus considered, there is certainly no repugnance between the common law and the statute* and the latter cannot operate to repeal the former.
Upon the score of inconvenience, we can see nothing to be apprehended from permitting the sheriff to sell after the return day of the execution property which he had before taken. Neither the state of the laws nor of society in this country can render such a practice more prejudicial here than in England : on the contrary, as the practice has been prevalent in many parts of the state, it would be attended with much mischief to change it.
Judgment affirmed with costs and damages.