The following petition for a re-hearing was presented by
General Hardin:
It is understood the court have, in substance, decided, that on a motion to quash, by the obligor in a replevin bond, because the bond does not pursue the execution, being for too much, it is not the duty of the *303 court to correct overcharges; the court seeming to consider it requisite to make a separate motion to amend.
It is respectfully suggested, that this is contrary to the settled practice of the country, and that the practice is correct. If the proceedings were in the regular mode by writ of error coram vobis, the court would have to review the proceedings, and if the bond were for too much, reverse in part, by ordering a credit, and would give costs, &c. See the old precedents in this court, where it sustained writs of error for overcharges in replevin bonds. It was the plaintiff who first moved to amend, and thus prevent a reversal. See, also, the case of Johnson vs. Adair, &c. 3 Bibb 344, on a motion to quash an execution, &c. and motion by the plaintiff to amend, &c. Now, a motion to quash, is in the nature of a writ of error coram vobis, and should have the same consequences.
We complain of error to our prejudice. If our adversary do not procure an amendment, the bond should be quashed.
A re-hearing is respectfully requested.
HARDIN.
But, on the 27th of November 1821, it was overruled.