## UNITED STATES v. HOGG et al.

### (Circuit Court of Appeals, Sixth Circuit. January 7, 1902.)

### No. 974.

1. EXECUTION—LEVY ON RETURN DAY—SALE.

Ky. St. § 1664, par. 3, providing that an officer may, at any time after the return day, while the original execution is in his hands. sell any property taken in virtue thereof, provided the levy was made before the return day, will not be construed to change the common-law rule, recognized in Act 1828 (1 Morehead & B. Ky. St. p. 638), that levy may be made on the return day, or to prohibit a sale under levy so made.

2. STATUTORY CONSTRUCTION—ABSURD RESULTS TO BE AVOIDED.

Every statute ought to be expounded, not according to its letter, but according to the legislative intent, as manifested from all parts of the act; and the literal import should not be followed if the result would be absurd, provided any more reasonable view can be taken.

In Error to the Circuit Court of the United States for the District of Kentucky.

For opinion below, see 111 Fed. 293.

This is a motion for a judgment of possession, founded upon sections 1689 and 1690 of the Kentucky Statutes, and section 916 of the Revised Statutes of the United States, under which it has been assumed that the remedy provided by the Kentucky Statutes could be accorded by the district court. The United States claims the title to the tract of land in controversy under a deed from the United States marshal for the district of Kentucky, which deed is founded upon a judgment of the district court of the United States for the district of Kentucky in favor of the United States and against one Hiram Hogg, and an execution levy and sale thereunder. The defendants to this writ of error are E. E. Hogg and C. M. Hogg, who also claim title under said Hiram Hogg, but under a deed from the sheriff of Owsley county, and an execution. levy, and sale, antecedent to the proceedings under which the United States claim title. Notice of a motion "for a judgment for the possession" of lands sold under execution is required to be given "to the defendant in the execution." Secti n 1689, Ky. St. In this case it appears that notice was given to the defendant in the execution, Hiram Hogg, and to one of the defendants in error, E. E. Hogg.

M. H. Thatcher, for the United States.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The defendants in error were in the adverse. possession of the premises in controversy at the date of the levy and sale under which the plaintiff in error claims title, claiming under a sheriff's deed founded upon a judgment, levy, and sale antecedent to the proceedings upon which the marshal's deed is based. They were not parties to the suit of the United States against Hiram Hogg, and are therefore not concluded by the proceedings in that suit, under which the United States asserts title. The question of superiority of title was submitted to the court below without objection to the form of the proceedings or to the jurisdiction of the court, and the only error assigned is in respect to the title of the defendants in error under the proceedings in the state court. That title is concededly the superior

one, provided a sheriff's sale of land in pursuance of a levy made on the return day of the execution is not, under the law of Kentucky, an absolute nullity. We shall confine ourselves to the decision of this single question.

Said E. E. Hogg and C. M. Hogg, the defendants in error, appeared and filed an answer in which they set out the fact that they were in actual adverse possession of the lands in controversy; claiming for themselves and adversely to all others, under the proceedings before mentioned, at the date of the levy and sale under which the United States claim. To this answer the United States replied, and set out in detail the proceedings in the state court under which the said defendants claimed. Among other things, this reply averred that the levy and sale under which the defendants in error claimed were void and inoperative because the levy had been made on the return day of the writ of fieri facias, and that under the law of Kentucky a levy made on the return day was void, and a sale under such levy inoperative to convey title. To this reply a general demurrer was filed, which was sustained, and the reply stricken from the files. The plaintiff declining to plead further, the court adjudged that the title obtained by the defendants in error through the proceedings in the state court was the superior title, and that the motion of the United States for a writ of possession should be denied. From this judgment the United States has sued out this writ of error.

Under the common law, an execution continues in force to and including the day when by law it is returnable. Under all of the authorities, it was leviable as well on the return day as upon any prior day of its life; the only division of opinion being as to whether it was leviable after the adjournment of the court to which it was returnable on its return day. 2 Am. & Eng. Enc. Law (2d Ed.) pp. 647, 648; Freem. Ex'ns, § 106; Sturges' Appeal, 86 Pa. 414; Maud v. Barnard, 2 Burrows, 812. This is the conceded law of Kentucky, unless it has been changed by statute. In Gaines' Heirs v. Clark, 1 Bibb, 608, the supreme court of that state said:

"The writ of execution is executable on the day whereon it is returnable. That is the utmost length of time the law allows for executing it. So it was adjudged in Perkins v. Woolaston, 1 Salk. 321, 322."

That such was the law was recognized in an act passed in 1828, regulating sales under levies made after the return day of process, which act, among other things, provided "that the officer may, at any time before he returns the original execution, sell any property taken by him in virtue of said execution, if the same shall have been levied before the expiration of the return day of the same, notwithstanding such return day may have expired before the day of sale." 1 Morehead & B. Ky. St. p. 638. At the common law it was the duty of the officer making a levy before his process was returnable to proceed with the sale, although the return day had passed; and the only office of a writ of venditioni exponas was to command him to proceed when he returned the execution showing that he had not made a sale of the property levied on as required by the writ. 20 Enc. Pl. & Prac. 206; Remington v. Linthicum, 14 Pet. 84, 92, 10 L. Ed. 364; Savings Inst. v. Chinn's Adm'r, 7 Bush, 539; Jackson v. Roosevelt, 13 Johns.

97; Irvin v. Picket, 3 Bibb, 344; Cox v. Joiner, 4 Bibb, 94; Colyer v. Higgins, 1 Duv. 6, 85 Am. Dec. 601; Rudd v. Johnson, 5 Litt. 19. This was clearly the law in Kentucky, and the law of that state is controlling upon this court in respect to Kentucky land titles dependent upon execution sales. In Cox v. Joiner, cited above, a sale of land had been made on the day of the issuance of a writ of venditioni exponas under an advertisement made before its issuance and after the levy. The court held the sale valid, saying:

"We have no doubt but what the sale may have been regularly made on the day the venditioni exponas issued. That execution gave the sheriff no new authority. Although the fieri facias under which the levy was made had become returnable, the authority of the sheriff did not thereby become extinct. It was his duty still to proceed in the completion of the execution of that writ by making sale of the land, and for a failure to do so, he would not only be liable to the plaintiff in the fieri facias, but he might also be proceeded against for a contempt of the court. The venditioni exponas could therefore have no operation but to compel the sheriff to perform his duty under the original writ, and hence it could not require the sheriff again to advertise, or to do any other act which had been previously regularly done."

Thus this act of 1828, heretofore set out, was but declaratory of the common law, and conferred no authority which did not exist under the common law. The act only authorized the officer to do precisely what he was theretofore authorized by the common law to do, namely, to sell property levied on during the life of his execution at any time before he made a return thereof, notwithstanding the return day may have expired before the sale. Several revisions have occurred of the Kentucky Statutes since the act of 1828, and in all of them this act of 1828 has been brought forward with the words "the expiration of" omitted. This act appears now as section 1664 of the Kentucky Statutes. That section is in three paragraphs. The first provides for the issuance of a writ of venditioni exponas whenever the return of an execution shows that any part of the property levied on remains unsold, and prescribes the form of such writ. The second paragraph provides the mode of proceeding under the writ of venditioni exponas. The third clause is in these words:

"An officer may, at any time after the return day, while the original execution is in his hands, sell any property taken in virtue thereof, provided the levy was made before the return day."

Manifestly, this section does not in plain terms provide for the shortening of the life of an execution by prohibiting a levy upon the return day. What is the return day? It is nothing more or less than the day when it is the duty of the officer to return it. But when on that day does it cease to be live process? By the common law, which was the law of Kentucky, it continues to be live process and "executable," to use the quaint language of the old writers, at any time on the day when it should be returned,—at least, so long as the court is open upon that day. But are we authorized to impute an intent to shorten the life of an execution by prohibiting a levy upon the last day of its life? Inasmuch as the revision was not dealing with the matter of the life of an execution, but only with the subject of sales after the return day of such writs, we may well assume

that an intent to shorten the life of such process did not exist. Construing this clause of section 1664 literally, the most that can be made out of it or claimed for it is that the legislature has thereby provided that no sale can be made under a levy made on the return day, with or without a vend. exponas. The insistence that this clause should be so construed as to prohibit a sale under a levy made upon the return day is rested not so much upon the language employed, as upon the fact that the revision has made a change in the old law of 1828 by omitting the words "expiration of," and that such a change in language implies a change in intent. The rule is a good one, but is not of universal application. We should also bear in mind that the purpose of a revision is to revise, and not change or alter, the law, and a different purpose should be plain before justifying an intent to change. To impute to the revisers an intent to prevent a sale under a levy made by virtue of a live execution simply because the levy was made upon the last day when it could be lawfully made would be to assume that they entertained a most unreasonable and absurd purpose. Such consequences should not be regarded as within the legislative intention, if any more reasonable view can be taken of the provision. Touching the rule of interpretation applicable, Judge Evans, who tried this case below, very aptly said:

"There are certain fundamental principles for the construction of statutes which seem to me to obviate a result which I think would, under the circumstances of this case, be such as was not contemplated by the legislature. (1) The general and well-recognized principle is that the literal import of a statute should not be followed to an absurdity. Sams v. Sams' Adm'r, 85 Ky. 396, 3 S. W. 593; Bird v. Board, 95 Ky. 195, 24 S. W. 118; Feemster v. Anderson, 6 T. B. Mon. 538; Lau Ow Bew v. U. S., 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340; Holy Trinity Church v. U. S., 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226. (2) In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect. Collins v. New Hampshire, 171 U. S. 34, 18 Sup. Ct. 768, 43 L. Ed. 60, and cases cited. (3) Cases within the reason, though not within the letter, of a remedial statute, are embraced in it. Watts v. Pettit's Heirs, 1 Bush, 157. Every statute ought to be expounded, not according to its letter, but according to its meaning. The intention of the legislature is always the controlling principle, if it can be ascertained. Bailey v. Com., 11 Bush, 689."

The courts of Kentucky have never been called upon to construe this section 1664. The court below, in view of the well-settled rule of the common law of Kentucky in reference to the life of an execution, and the power of the officer to sell under any levy made during the life of the writ, reached the conclusion that the intent of the revisers of the act of 1828 was not to change the law as it existed, by either shortening the life of an execution, or by prohibiting a sale made on the return day, and that the proviso of the third clause should be read but as including any levy made before the expiration of the return day. To this we agree, as a more reasonable interpretation of the legislative intent than the absurd consequences otherwise resulting. This conforms the revision to the well-settled law of the state as it stood before, and refuses to find an intent to change the law in the ambiguous provisions of section 1664.

Judgment affirmed.