HARPER v. VICTOR, U. S. Marshal, et al.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1914.)

No. 4034.

*(Syllabus by the Court.)*

1. COURTS (§ 406*)—COURT OF APPEALS—POWER TO REMAND.

Section 15 of the Enabling Act of the State of Oklahoma (Act June 16, 1906, c. 3335, 34 Stat. 276) provided that all appeals and writs of error taken from the United States Court of Appeals in the Indian Territory to the Supreme Court of the United States, or to the United States Circuit Court of Appeals of the Eighth Circuit, previous to the admission of Oklahoma into the Union, should be prosecuted to final determination as though that act had not been passed, and that in all cases in which final judgment had been rendered in such territorial appellate court in which appeals or writs of error might have been taken or sued out except for the admission of the state, they might still be taken or sued out and prosecuted to the Supreme Court of the United States or to the United States Circuit Court of Appeals and there held and determined, and that in either case the Supreme Court of the United States or the United States Circuit Court of Appeals, in the event of reversal, should remand the said causes either to the state Supreme Court or other final appellate court of the state, or to the United States Circuit or District Court in the state, as the case might require.

*Held,* that in view of the general power to remand granted to the United States Circuit Court of Appeals by Act March 3, 1891, c. 517, § 10, 26 Stat. 829, the United States Circuit Court of Appeals for the Eighth Circuit had authority to remand to the proper court below any of the cases

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pending in that court specified in section 15, when it affirmed the judgment or decree therein as well as when it reversed it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

2. STATUTES (§§ 181, 183*)—CONSTRUCTION.

"The reason of the law as indicated by its general terms should prevail over its letter when the plain purpose of the act will be defeated by strict adherence to its verbiage."

A statute should receive a rational construction, one that tends to avoid or remove the mischief at which it was leveled, rather than one which promotes or permits the evil and avoids the accomplishment of the purpose of its enactment.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 261, 263; Dec. Dig. §§ 181, 183.*]

3. CRIMINAL LAW (§ 1192*)—APPEAL—MANDATE—TRANSMISSION—RIGHT TO ENFORCE.

A judgment and sentence of the United States Court for the Northern District of the Indian Territory had been affirmed by the United States Court of Appeals for the Indian Territory and was pending on a writ of error in this court when the state of Oklahoma, which embraces the former Indian Territory, was admitted to the Union. This court subsequently affirmed both judgments and sent its mandate, which recited the affirmance of the judgments, directed further proceedings according to right and justice, and was directed to the Supreme Court of Oklahoma, to that court, which transmitted the case and the mandate to the United States District Court for the Eastern District of Oklahoma which had succeeded, under the enabling act of Oklahoma, to the jurisdiction of the United States Court for the Northern District of the Indian Territory. The District Court spread the mandate of this court upon its records and pursuant to the judgment and sentence affirmed thereby committed the defendant to the marshal with directions to deliver him to the keeper of the penitentiary that the sentence might be executed.

*Held*, the United States District Court for the Eastern District of Oklahoma after its receipt and record of the mandate of this court, which authentically informed it of this court's affirmance of the sentence, and of its direction that the sentence be executed, had jurisdiction to commit the defendant and to execute the sentence, and the questions whether the mandate should have been directed to the Supreme Court of Oklahoma or to some other court, and whether or not the Supreme Court of Oklahoma had power to transfer the case and the mandate to the United States District Court for the Eastern District of Oklahoma, were immaterial after the mandate had been received by that court and recorded.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231–3240, 3243; Dec. Dig. § 1192.*]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Petition for habeas corpus by S. D. Harper against Grant Victor, United States Marshal for the Eastern District of Oklahoma, and others. From an order denying the petition, petitioner appeals. Affirmed.

James S. Davenport, of Vinita, Okl., for appellant.

C. C. Herndon, Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Atoka, Okl., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SANBORN, Circuit Judge.    S. D. Harper appeals from an order of the United States District Court for the Eastern District of Oklahoma, which denied his petition for discharge on a writ of habeas corpus from confinement by the United States marshal under his commitment to the marshal by that court with directions to deliver him to the penitentiary in execution of a sentence that he be confined therein for 4 years and 297 days for a violation of section 5209 of the Revised Statutes.    Harper had been convicted of the violation of this section and had been sentenced by the United States Court for the Northern District of the Indian Territory to imprisonment in the penitentiary for five years therefor on November 4, 1905.    That sentence had been affirmed on his appeal by the United States Court of Appeals for the Indian Territory on September 26, 1907.    He had sued out a writ of error from this court to the Court of Appeals for the Indian Territory, and on April 30, 1909, this court had affirmed the judgment of that court and also the sentence of the United States Court for the Northern District of the Indian Territory.    On July 14, 1909, this court had sent to the Supreme Court of the state of Oklahoma its mandate directed to that court which recited its judgment of affirmance and commanded that such proceedings be had in the case as according to right and justice and the laws of the United States ought to be had.    The Supreme Court of Oklahoma had by its order transferred the case to the United States District Court for the Eastern District of Oklahoma, together with the mandate of this court, which the District Court spread upon the records of that court, and thereupon it deducted 68 days on account of Harper's jail term from his original sentence of 5 years, and directed his commitment for confinement in the penitentiary during the remaining four years and 297 days pursuant to the original sentence which was affirmed.

The state of Oklahoma was admitted into the Union while this case was pending in this court on writ of error on November 16, 1907, and the contention of counsel for Harper is:  (1) That this court had no jurisdiction or authority to remand the case to any court after its affirmance of the judgments below;  (2) that the Supreme Court of Oklahoma had no jurisdiction or authority to transfer the case or the mandate to the District Court below;  and (3) that, if this court had any authority to remand, it had none to remand to the Supreme Court of Oklahoma, but could have remanded to the District Court below only.    The position that this court had no power to remand the case to any court after its affirmance of the judgments below, and that for this reason this offender must go unpunished, rests upon the fact that the enabling act of Oklahoma (Act June 16, 1906, c. 3335, 34 Stat. 276) § 15, provides that all appeals or writs of error taken from the Court of Appeals of the Indian Territory to the Supreme Court of the United States or to this court previous to the final admission of the state of Oklahoma into the Union, shall be prosecuted to final determination as though the enabling act had not been passed and that in all cases in which final judgment has been rendered in such territorial appellate court at the time of the admission of the state in which appeals or writs of error might be had to the Supreme Court

or to this court, except for the admission of such state, such appeals or writs ·of error may still be. taken or sued out and prosecuted to the Supreme Court or to this court under the provisions of existing laws, and that in either case the Supreme Court or this court in the event of reversal shall remand the said cases to either the Supreme Court òr other final appellate court of the state of Oklahoma, or to the United States Circuit or District Courts in the state, as the case may require. It will be perceived that while this section provides for the remanding of the cases specified, one of which is that in hand, in every case of a reversal of any judgment below neither that section nor any other part of the enabling act makes any provision for the remanding of any of these cases in any case in which the judgment or decree is affirmed, and it is upon this state of this legislation that the argument is founded that this court has no power to remand any of these cases in which it affirms the judgment or decree below.

[1] The contention is too subtle, ingenious, and critical to be sound. Sections 16, 17, 19, and 20 of the enabling act provided for the distribution of all cases pending at the time of the admission of the state in the various federal and territorial courts of the Indian Territory and of the territory of Oklahoma among the United States courts in and the state courts of the state of Oklahoma, and their subsequent prosecution and further disposition by those courts. Section 10 of the act to establish the United States Circuit Courts of Appeals provided that:

"Whenever on an appeal or writ of error, or otherwise, a case coming from a District or Circuit Court shall be reviewed and determined in the Circuit Court of Appeals in a case in which the decision of the Circuit Court of Appeals is final such case shall be remanded to the said District or Circuit Court for further proceedings to be there taken in pursuance of such determination" (Act March 3, 1891, c. 517, 26 Stat. 829).

And the authority granted in this provision is broad and general enough to include the case at bar, for this case comes from the United States Court for the Northern District of the Indian Territory, although it comes through the 'Court of Appeals of that territory. Moreover, the evident object of the sections of the enabling act cited was to provide for the prosecution, the final decision, and the execution of the final judgment or sentence in every case that originated in the Indian Territory and was pending at the time of the admission of the state of Oklahoma.

[2] A statute should receive a rational sensible interpretation, one which tends to avoid or remove the mischief at which it was leveled and to accomplish the object sought by the legislative body which enacted it, rather than one which promotes or permits the evil and avoids the accomplishment of the· purpose of the enactment. The first sentence of section 15 of the enabling act declares that cases pending in this court on appeal from or on a writ of error to the Court of Appeals of the Indian Territory at the time of the admission of the state of Oklahoma shall be prosecuted to final determination, and this provision is sufficient, when read in the light of the general power ·of this court to remand granted by the act which established it, to

sustain the deduction that the Congress intended by these acts to grant to this court the power, to remand to the proper court the cases specified in section 15 in which the judgments were affirmed as well as those in which they were reversed. And when it is considered that any other construction would nullify affirmed judgments and decrees in such cases and leave reversals only effective, the case falls so far within the rule that "the reason of the law, as indicated by its general terms, should prevail over its letter, when the plain purpose of the act will be defeated by strict adherence to its verbiage," that all doubt of its proper interpretation vanishes, and our conclusion is that this court had full authority on affirmance of the judgments against Harper to remand his case to the proper court below for the execution of his sentence. Pickett v. United States, 216 U. S. 456, 461, 30 Sup. Ct. 265, 54 L. Ed. 566; Church of the Holy Trinity v. United States, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; Lau Ow Bew v. United States, 144 U. S. 47, 59, 12 Sup. Ct. 517, 36 L. Ed. 340; United States v. Corbett, 215 U. S. 233, 30 Sup. Ct. 81, 54 L. Ed. 173.

[3] Counsel for Mr. Harper concedes that if this court had power to remand his case to any court it should have remanded it to the United States District Court for the Eastern District of Oklahoma, but he still contends that that court had no jurisdiction to commit him to the marshal and thereby to carry into effect the affirmed sentence against him because our mandate was directed and sent to the Supreme Court of Oklahoma, and because that court had no authority to transfer the case or the mandate to the United States District Court below. Neither of these positions is, in our judgment, tenable; but we refrain from extended discussion of them because they have become immaterial. Nothing was required from any court to give the court below which, by virtue of the enabling act, had succeeded to the jurisdiction of the United States Court for the Northern District of the Indian Territory over this case, the power to proceed to issue the commitment and to execute the sentence of that court but authentic information that this court had affirmed the sentence, had renounced its jurisdiction by virtue of its writ of error, and had directed that the sentence be executed. That information was conveyed to it by the mandate of this court which, although directed to the Supreme Court of Oklahoma, was transferred by that court to the court below and spread upon its records before it issued its commitment. That mandate recited and informed the District Court that the judgment and sentence against Harper, as well as that of the Court of Appeals of the Indian Territory which affirmed it, had been affirmed by this court and that this court had remanded the case with directions that the sentence be executed. It gave to that court after its receipt and record therein as complete jurisdiction to issue the commitment and execute the sentence as a like mandate directed to that court could have given, and there was no error in its dismissal of Harper's petition for a discharge from custody.

Let the judgment below be affirmed.