## GIBSON v. LINTHICUM *et al.*

No. 4225. Opinion Filed July 20, 1915.

(150 Pac. 908.)

1. **CHATTEL MORTGAGES—Validity.** A chattel mortgage is valid between parties thereto and purchasers with actual notice of its existence, although same be neither witnessed nor acknowledged.

2. **ANIMALS—Estrays—Sale—Validity.** In sales of animals under estray laws all the provisions of the same must be strictly followed, otherwise the buyer acquires no title to such animals, and it is essential that the animals to be sold be correctly described in the notices of sale, and a failure to so do renders the sale void.

3. **SAME—Purchase by Officers.** The law does not look with favor upon purchases by a public official at a sale, the validity of such sale depending to a considerable extent upon the public records of which he is the custodian.

(Syllabus by Crow, C.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action by R. A. Linthicum and another against Felix Gibson. Judgment for plaintiffs, and defendant brings error. Affirmed.

*C. E. B. Cutler*, for plaintiff in error.

*Fooshee & Brunson*, for defendants in error.

Opinion by CROW, C. This action was commenced by defendants in error to recover from plaintiff in error possession of two certain mules. Some time prior to their coming into possession of plaintiff in error, Gibson, the mules had been sold by Linthicum to Roe, the latter giving his note secured by chattel mortgage on said mules as part payment of purchase price. The mortgage mentioned was neither witnessed nor acknowledged. Said

mules were purchased by plaintiff in error, Gibson, at an estray sale.

Plaintiff in error avers that said chattel mortgage is void, for the reason it is neither witnessed nor acknowledged. The instrument is valid and binding between parties thereto and others having actual notice, although neither witnessed nor acknowledged, if it is regular in other respects as this one seems to be. As the mortgagor and mortgagee both join as parties plaintiff in this action there would seem to be no grounds for complaint along this line.

But plaintiff in error more strenuously insists that the case ought to be reversed on account of alleged error of the court in refusing to admit in evidence the purported affidavit of Ned Marcum, taker up of the animals involved, as to publication of notice of sale of said animals. We think the trial court was correct in this ruling. The notice of sale mentioned did not contain a correct description of the animals according to the evidence of plaintiff in error himself, and without such description it was immaterial whether it was published or posted or not. The statute is plain in setting out the procedure for the sale of estrays. One of the most important of these requirements is that the notices of sale shall contain a description of such estrays "by kind, color, age, sex, and, if any, by marks and brands." It is essential to the validity of an estray sale that all the proceedings be in strict compliance with the statute, and the record here conclusively shows that there was a failure to describe the animals so as to enable the owner to recognize them as his own by the description contained in the notice.

The purchaser at the sale in question was the plaintiff in error here, he then being county clerk of Coal

county, and, as such clerk, having custody and control of the records and papers in estray proceedings. The validity of such sales depends largely upon what these records contain, and the law does not look with favor upon a purchase by a public official at such a sale, he being in charge and control of the records upon which the validity of such sale largely depends, and will hold such official to a more strict compliance with the statute for that reason.

Finding no error in the record, we recommend that the judgment of the county court of Coal county be affirmed.

By the Court: It is so ordered.