## BLEVINS et al. v. W. A. GRAHAM CO.

No. 8164—Opinion Filed May 13, 1919.

(182 Pac. 247.)

(Syllabus.)

### 1. Chattel Mortgages—Existence of Prior Lien—Question for Jury.

In a suit for conversion by a mortgagee whose mortgage was prior as to date, but was not witnessed or acknowledged, but filed in the office of the county clerk, against a mortgagee who sold the property covered by the mortgages and applied the proceeds of the sale upon the debt secured by his mortgage, and where the holder of such junior mortgage saw and read the senior mortgage in the office of the county clerk, but pursued his investigations no further, but deemed said senior mortgage void for want of subscribing witnesses or proper acknowledgment, and proceeded to take his mortgage and have the same properly executed and filed for record, and, when default was made by the mortgagor, sold the property and applied the proceeds as aforesaid, evidence held to make questions for the jury as to whether the holder of the junior mortgage was not put upon inquiry and would not have learned of the prior mortgagee's lien by investigation, and the trial court erred in instructing a verdict.

### 2. Same—Mortgage Not Filed—Validity as to Subsequent Mortgage—Statute.

Comp. Laws Okla. 1909, § 4422, provided that a mortgage of personal property was void as against creditors and subsequent purchasers and incumbrancers in good faith for value, unless the original or an authenticated copy was filed as therein required. Rev. Laws Okla. 1910, § 4031, contains a similar provision, except that the words "in good faith" are omitted; but a further provision of such section, relating to mortgages on property in an unorganized county, makes such mortgages void against subsequent purchasers or incumbrancers in good

faith for value, unless filed. Section 4035 provides that a chattel mortgage shall cease to be valid as against subsequent purchasers or incumbrancers in good faith after the expiration of three years, unless a renewal certificate is filed. Held, that the Legislature did not intend to make an unfiled mortgage invalid as against a purchaser for value; but, having notice of the mortgage, used the words "purchasers, and incumbrancers * * * for value" in the first part of the section in the same sense as the words "purchaser, or incumbrancers * * * in good faith for value" in the last part of the section.

### 3. Statutes—Construction—Other Statutes —Remedy—Consequences.

To ascertain the intention of the Legislature in the enactment of the statute, the court may look to each part of the statute, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation.

Error from County Court, Mayes County; H. A. Kehn, Judge.

Action in conversion by George Blevins and another against the W. A. Graham Company. Judgment for defendant on a directed verdict and plaintiffs bring error. Reversed and remanded, with directions.

A. C. Brewster and Forrester Brewster, for plaintiffs in error.

J. H. Langley, for defendant in error.

JOHNSON, J. This was an action in conversion brought in the county court of Mayes county, Okla., by George Blevins and E. N. Jackson, plaintiffs in error, against W. A. Graham Company, a corporation, defendant in error. Judgment was for the defendant. The trial court, after hearing the cause, directed the jury to return a verdict for the defendant. To this ruling the plaintiff duly excepted, and brings error, setting up five assignments of error, only one of which it is necessary to comment upon here, as the other assignments of error can all be disposed of by disposing of this one. Did the court err in peremptorily instructing the jury to return a verdict in favor of the defendant?

The parties practically agree upon the evidence, and the case depends upon the construction of sections 4031 and 4036, Revised Laws 1910, relating to Chattel Mortgages.

The record discloses the following facts: On April 16, 1915, one Mayes Johnson executed to the plaintiffs his chattel mortgage, covering a certain horse, as security therefor. The chattel mortgage was neither acknowledged by a proper officer nor sub-

scribed by any witnesses. It was deposited with the county clerk (ex officio register of deeds) on April 21, 1915, and marked "File."

On May 15, 1915, the same Mayes Johnson and Emma Johnson, his wife, executed to defendant their promissory note for $700, together with their chattel mortgage on personal property to secure the same, which personal property included the same horse covered by plaintiff's mortgage. The defendant's mortgage was duly acknowledged by a proper officer and duly filed for record May 15, 1915. One C. H. Graham, secretary and treasurer of the defendant corporation, who acted as the representative of the corporation in the securing of defendant's mortgage, searched the records of the office of the county clerk, prior to the taking of defendant's mortgage, and saw the plaintiff's mortgage and read it. About June 15, 1915, the defendant took possession of the horse on account of default in the payment of its note, and sold it, applying the proceeds to the $700 note. The plaintiff brought an action for damages in conversion with the result as above stated.

The claim is made on behalf of the defendant that the statutes of Oklahoma invalidate plaintiff's mortgage as to them, because neither the original mortgage nor a copy thereof authenticated by the register of deeds was filed for record. For many years the statute of Oklahoma relating to this subject read as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers, and incumbrancers of the property in good faith, for value, unless the original or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." Section 4422, Snyder's Comp. Law's Okla. 1909.

See Strahorn-Hutton-Evans Commission Co. v. Florer, 7 Okla. 499, 54 Pac. 710.

In 1911 the Legislature of Oklahoma adopted the revision of the state statutes made by code commissioners known as the Revised Laws of Oklahoma, and the corresponding provision is found as a part of section 4031, but the words "in good faith" are omitted. It is contended that this change of the statute renders void the plaintiff's mortgage, because the defendants were subsequent incumbrancers for value. The statute in question is a portion of a chapter relating to the execution, recording, and effect of mortgages upon real and personal property. Other sections of the chapter re-

tain the exception of actual notice as equivalent to a sufficient notice by record. Sections 4031, 4035, Revised Laws Okla. 1910.

In order to ascertain the intention of the Legislature in the enactment of section 4031, the court may look to each part of the statute, to other statutes upon the same or relative subjects, to the old law upon the subject, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation. Lewis' Suth. Stat. Const. §§ 378, 382, 471; Endlich on Interp. of Stats. §§ 39, 295, 298; Holy Trinity Church v. United States, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969; United States v. Hogg, 112 Fed. 909, 50 C. C. A. 608; Interstate Drainage & Invest. Co. v. Board of Com'rs, 158 Fed. 270, 85 C. C. A. 532; Hemmer v. United States, 204 Fed. 898, 123 C. C. A. 194; Harper v. Victor, 212 Fed. 903, 129 C. C. A. 423.

The remaining portion of section 4031 is as follows:

"And a mortgage of personal property situated in portions of this state attached to an organized county thereof for judicial purposes shall be void against creditors of the mortgagor, subsequent purchasers, or incumbrancers of the property in good faith for value, unless the original or an authenticated copy thereof, be deposited and filed in the office of the register of deeds of the county to which the territory in which such property is situated is attached for judicial purposes."

If a literal interpretation is placed upon this section, an unrecorded mortgage upon personal property situated in unorganized counties is void as to purchasers in good faith, but a mortgage upon property situated in organized counties is void as to purchasers in bad faith. Section 4035 provides that a chattel mortgage shall cease to be valid as against subsequent purchasers or incumbrancers in good faith after the expiration of three years from filing for record, unless a renewal certificate is filed. We cannot believe that the Legislature of Oklahoma intended to inaugurate a new policy or to declare that one who knew of an existing incumbrance might ignore it and acquire property free from any lien, if he but paid some consideration to the seller. Nor was it intended that one rule should apply in organized counties and the opposite rule in unorganized counties, nor one rule as to the real estate mortgages, and its opposite as to chattel mortgages. The purpose of the statute was to give constructive notice to those whose dealings were in good faith,

and who had no actual knowledge of the facts. The words "purchasers, and incumbrancers for value" in the first portion of section 4031 are used in the same sense as the words "purchasers, or incumbrancers of the property in good faith for value" in the remainder of the section. Van Rensselaer v. Clark, 17 Wend. (N. Y.) 25, 31 Am. Dec. 280; Gibson v. Linthicum, 50 Okla. 181, 150 Pac. 908; Merchants' Nat. Bank v. Frazier, 60 Okla. 156, 159 Pac. 647; Stockyards Loan Co. v. Nichols et al., 156 C. C. A. 209, 243 Fed. 511, 1 A. L. R. 547.

The rule of construction of the sections of the statutes referred to and the authorities cited in support of the rule are from the opinion of the United States Circuit Court of Appeals for the Eighth Circuit in the case of Stockyards Loan Co. v. Jas. Nichols et al., 156 C. C. A. 209, 243 Fed. 511, 1 A. L. R. 547, and where the facts are exactly the same as in the instant case, this court said in the case of Gibson v. Linthicum, 50 Okla. 181, 150 Pac. 908:

"A chattel mortgage is valid between the parties thereto and purchasers with actual notice of its existence, although same be neither witnessed nor acknowledged."

Also in the case of Dabney et al. v. Hathaway, 51 Okla. 658, 152 Pac. 77:

"Under section 4031, Rev. Laws 1910, which makes a chattel mortgage void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property for value, unless the mortgage 'be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated.' Held, that the mortgagee has done all the law requires of him when he has filed the mortgage by depositing it in the office of the register of deeds; and, if the instrument is not then properly recorded and indexed, it is the fault of the register of deeds, and the mortgagee will not lose his rights or be made to suffer by reason of the laches of the register of deeds."

The defendant in support of his contention cites the case of Greenville National Bank v. Evans-Snyder Buel Co., 9 Okla. 353, 60 Pac. 249:

"A chattel mortgage which is not signed by two witnesses, under section 3275 of the Statutes of Oklahoma 1893, which provides that a mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed,' is not entitled to be filed in the office of the register of deeds of any county in Oklahoma, and if a register of deeds files a chattel mortgage which has not been signed by two witnesses, such filing gives the mortgagee absolutely no rights which he would not have had without such filing"

—which has been expressly overruled by this court in the case of Frick Co. v. Oats et al., 20 Okla. 491, 94 Pac. 688:

"In an action of replevin, the rights of a creditor to the possession of the property in controversy, who holds a chattel mortgage on his debtor's property, good as between the parties, but void as to other creditors because not filed as required by law, but who has taken possession of the mortgaged property, after condition broken, as security for the debt, with the consent of the mortgagor, is superior, under section 3578, Wilson's Rev. & Ann. St. Okla. 1903, to that of a subsequent execution creditor who has levied upon the same. Greenville National Bank v. Evans Snyder-Buel Co., 9 Okla. 353, 60 Pac. 249, is overruled."

We hold that in view of the authorities supra, and the evidence, there were questions for the jury as to whether the holder of the junior mortgage was not put upon inquiry, and could not have learned of the prior mortgagee's lien by investigation, and that the trial court erred in instructing a verdict.

Cause reversed and remanded, with direction that further proceedings be had not inconsistent with the views herein expressed.

SHARP, RAINEY, PITCHFORD, HARRISON, and McNEILL, JJ., concur.